14866

WHITLOCK *ET AL.* v. CRESWELL *ET AL*

(2 S. E. (2d), 838)

318

332

*Messrs Lambright & Sams* and *L. K. Leonard,* for appellants,

*Messrs. W. K. Charles* and *Wm. P. Greene, Jr.,* for respondents,

April 12, 1939.

The opinion of the Court was delivered by MR. JUSTICE BONHAM.

We take from the statement in the Transcript of Record a summary of the issues made by the pleadings.

The action was brought by B. B. Whitlock, as trustee, to foreclose a deed of trust made to him to secure two notes, one in the sum of $751.10, payable to Mrs. Mahala Whitlock, as administratrix of the estate of Wallace Whitlock, deceased, and the other in the sum of $667.41, in favor of B. G. Landrum. Both notes were signed by W. H. Creswell, and the deed of trust was signed by W. H. Creswell and his wife, Lillie Elmina Creswell.

These two defendants filed separate answers, which admitted the execution of the notes and the deed of trust, but which alleged that the notes and the deed of trust were null and void because they were obtained by duress and were given in compromise of a criminal prosecution.

The issues were referred to the Master for Greenwood County. On exceptions to his report, the matter came on to be heard by Honorable J. Strom Thurmond, Circuit Judge. His decree is satisfactory to this Court, and is adopted by it. It will be reported.

The decree contains a full statement of the facts and circumstances relating to the issues involved in the litigation.

One or two matters made by appellants' exceptions to the Circuit decree would seem to merit some attention.

Appellants, by Exception 16, contend that it was error to permit Creswell to retain possession of original notes given him by these appellants, and thereby failing to place the parties in *statu quo*.

We find no evidence in support of the allegation that Creswell was permitted to retain the original notes given him by appellants. On the contrary we find at folio 79 of the Transcript the following (W. H. Creswell was being examined): "Q. Did Mr. Whitlock, or his attorney, Mr. Miller, after you signed the notes and trust deed, give you any papers? A. No, sir. They did not give me anything."

It is plain that there is no foundation for the position taken by Exception 16.

We shall not undertake to consider the exceptions. We are satisfied that none of them is of sufficient merit to warrant this Court in reversing the Circuit decree. The exceptions do not overcome the legal grounds upon which the decree is built.

Appellants contend that even though the prosecution was dropped when the notes and the trust deed were signed, that Creswell was indebted to plaintiffs on past due obligations and these furnished sufficient consideration to support the notes and deed of trust. We do not think the evidence shows conclusively that Creswell was legally indebted to these plaintiffs in such way as to make valid the notes and trust deed. If it be said that in some jurisdictions, and by some authority in this jurisdiction, it has been so held, we do not think it is the prevailing opinion in this

State. We have examined the authorities submitted in support of this contention but we think that in this jurisdiction the accepted doctrine is as is declared in *Williams v. Walker, Fleming & Co.,* 18 S. C., 577, to-wit:

"\* \* \* 'Courts of equity watch with extreme jealousy all contracts made by a party while under imprisonment, and if there is the slightest ground to suspect oppression or imposition in such cases, they will set the contracts aside.' 1 Story Eq., § 239.

"The general rule is that agreements for compromise of public prosecution are illegal and void. \* \* \*"

The opinion of the Court, which then consisted of Simpson, Chief Justice, and McIver and McGowan, Associate Justices, was delivered by McIver, Associate Justice, in which he said: "A Court of equity will not readily sanction or recognize a contract which one has been induced to enter into for the purpose of securing immunity from a criminal prosecution. Such a use of criminal process violates every consideration of public policy, and whoever resorts to it should meet with condemnation rather than encouragement. \* \* \*"

In the Circuit decree in that case, which was affirmed by the Supreme Court, this occurs: "The general rule is that agreements for compromise of public prosecutions are illegal and void. This doctrine was conceded in *Corley v. Williams,* 1 Bail., 588, and the only exception contended for was that it did not apply to assaults and batteries, and other misdemeanors of a private nature. \* \* \*"

From respondents' argument we take the following from the case of *Galusha v. Sherman,* 105 Wis., 263, 81 N. W., 495, 501, 47 L. R. A., 417: " 'The true doctrine of duress, at the present day, both in this country and England, is that a contract obtained by so oppressing a person by threats regarding his personal safety or liberty, or that of his property, or of a member of his family, as to deprive him of the free exercise of his will and prevent the

meeting of minds necessary to a valid contract, may be avoided on the ground of duress. * * *' "

One has but to read the testimony in this case to see that while Creswell was in jail, his wife was distraught with fear and anxiety for her husband's safety, and the welfare of herself and her children.

We shall not further discuss the case. The Circuit decree fully and carefully considered it, and has rightly decided it.

The exceptions are overruled and the judgment is affirmed.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BAKER and FISHBURNE, and MR. ACTING ASSOCIATE JUSTICE H. F. RICE concur.

MR. JUSTICE CARTER did not participate on account of illness.