193 So.2d 170 (1966)
Dirk SCHEL, Petitioner,
v.
CITY OF MIAMI, a Municipal Corporation of the State of Florida and the Florida Industrial Commission, Respondents.
No. 35143.
Supreme Court of Florida.
December 7, 1966.
Rehearing Denied January 23, 1967.
Edward Schroll, Miami, for petitioner.
Richard B. Stone, Miami, Robert F. Clark, Patrick H. Mears, Tallahassee, and J. Franklin Garner, Lakeland, for respondents.
DREW, Justice.
The petitioner, claimant, controverts an order of the commission reversing in part the deputy's computation and requiring that sums previously paid during temporary disability, in excess of compensation due for such temporary disability, should be credited against the award for permanent partial disability.
Claimant, a policeman, suffered a gunshot wound while investigating a robbery on September 22, 1962. He was temporarily totally disabled for approximately two months. He worked at lighter employment after January 4, 1963, but did not reach maximum medical improvement, with residual 25% permanent partial disability, until October 15, 1963.
During the period of temporary total disability claimant was paid his full salary pursuant to a resolution[1] adopted by the *171 employer City providing for continuing wages during limited periods of temporary disability; providing further that all such payments "in excess of the amount the employee would otherwise be entitled to" under the Act shall be reimbursed to the employer out of any unpaid "installments of compensation due for any class of disability." (E.S.)
The commission found that the resolution conclusively characterized all payments thereunder as advance compensation, and construed F.S. Section 440.20(11), F.S.A.,[2] F.I.C. Rule 9,[3] to require that $577.70 paid in 1962 in excess of temporary total disability compensation allowed should be credited against the subsequent award for permanent partial disability, $42.00 per week for 87 1/2 weeks from October 16, 1963. This conclusion is rested in part upon the decision of this Court in Daoud v. Matz,[4] holding that payments made to an employee during temporary disability, in excess of the sums due for temporary disability during such periods, might if so intended be credited against an award for subsequent periods of temporary disability.
We think the rationale of the Daoud decision, in its factual context, does not control the issue now presented. That opinion, relative to advance or prepayment of temporary disability compensation, did not treat or dispose of those provisions of the act which then as well as now make a clear distinction between temporary and permanent disability compensation. The purpose served by the provisions for limited installment payment of compensation generally,[5] as well as strict regulation of lump sum settlements,[6] would, in our opinion, be gravely impaired by permitting alteration of the method of payment to the extent contemplated by the resolution in this case.
These basic limitations in the law have been recognized and preserved in the rules of the commission requiring prior approval of lump sum or advance payments of compensation. F.I.C. Rule 16.[7] We think the conceded absence of any compliance with this rule in the instant case, as well as our *172 construction of the statute itself, requires reversal of the commission's order herein.
Rule 9,[8] relied on by the commission, provides only for reimbursement "to the extent of the compensation paid." We think this provision, in the language of the statute,[9] implies a limitation both as to the intent with which advance payments are made[10] and as to surrounding circumstances permitting or preventing characterization of such payments as "payments of compensation" within the theory of the compensation law. In accord with the apparently prevailing view of courts construing similar provisions,[11] we conclude that reimbursement for voluntary advance payment of permanent partial disability compensation must be limited to payments in the amount of and within the time for disability compensation of that class ultimately found to be due.
The questioned order of the full commission is quashed and remanded for further proceedings in accordance with this opinion.
THORNAL, C.J., THOMAS and O'CONNELL, JJ., and JOHNSON, District Court Judge, concur.
NOTES
[1] Section 5 of this resolution provides:

"Any and all payments made by the employer to an employee pursuant to this resolution for any class of disability in excess of the amount the employee would otherwise be entitled to under the Workmen's Compensation Laws of the State of Florida, shall constitute an advance payment of compensation within the meaning of F.S. 440.20(11) by the employer and the employer shall be entitled to be reimbursed out of any unpaid installment or installments of compensation due for any class of disability and shall forthwith deduct therefrom any and all payments made to the employee in excess of that which the employee would be entitled to under the Workmen's Compensation Act."
[2] If the employer has made advance payments of compensation, he shall be entitled to be reimbursed out of any unpaid installment or installments of compensation due."
[3] of Employer Out of Benefits Recovered by Claimant Where the Employer has Voluntarily Made Payment of Compensation.
"When an employee is injured and the employer pays his full wages or any part thereof during the period of disability, or pays medical expenses for such employee, and the case is contested by the carrier, and/or the carrier and employer, and thereafter the carrier, either voluntarily or pursuant to an award, makes a payment of compensation or medical benefits, the employer shall be entitled to reimbursement to the extent of the compensation paid or awarded, plus medical benefits, if any, out of the first proceeds paid by the carrier in compliance with said voluntary payment or award, provided the employer furnishes satisfactory proof to the Deputy Commissioner or the Commission of such payment of compensation and medical benefits. Any payment by the employer over and above compensation paid or awarded and medical benefits, pursuant to Section 440.20(11), Florida Statutes, shall be considered a gratuity."
[4] Fla. 1954, 73 So.2d 51.
[5] F.S. Secs. 440.12, 440.20(2), F.S.A.
[6] F.S. Sec. 440.20(10), F.S.A. Cf. Sullivan v. Mayo, Fla. 1960, 121 So.2d 424, 430:

"* * * The widely accepted policy is to pay the allowed compensation for an industrial injury in installments. This policy is motivated by an objective to avoid the possibility of placing large sums of money at the disposal of one, who is most often inexperienced in the intricacies of modern business, and of exposing him to the dangers of the unwise investments or profligate expenditures."
[7] Payments of Compensation; and Discharge of Liability for Compensation by Lump Sum Payment.
"(a) Liability of an employer for future payments of compensation shall not be discharged by advance payment unless prior approval of the Commission has been obtained as hereinafter provided; and such approval shall not constitute per se an adjudication of the claimant's percentage of disability.
"Advance Payment of Part of Compensation.
"(b) When the claimant has reached maximum recovery and returned to his former or equivalent employment with no substantial reduction in wages, such approval of a reasonable advance payment of a part of the compensation payable to the claimant may be given informally by letter, without hearing, by any Deputy Commissioner, or by the Director, Deputy Director or Chief of Claims, of the Workmen's Compensation Division.
"(c) When the claimant has not returned to the same or equivalent employment with no substantial reduction in wages or has suffered a substantial loss of earning capacity, actual or apparent:
"(1) An advance payment of compensation not in excess of $1,000 may be approved informally by letter without hearing, by any Deputy Commissioner, * * *."
[8] Note 3, supra.
[9] Note 2, supra.
[10] Anderson v. City of Miami, Fla.App. 1958, 101 So.2d 612.
[11] Sec. 57.47, Larson on Workmen's Compensation:
"The amount of credit is not the amount of wages paid but the amount of compensation due for the particular week thus if the wages paid was $30.00 and if the compensation due for the week was $20.00 the credit is for $20.00 only. In other words, the credit is for the week not for the number of dollars, and the excess cannot be carried over as a credit as against other weeks of liability."