MILLS, Justice.
Plaintiffs, who are employees of the City, filed a class action against the City seeking a declaratory judgment, an injunction, and money damages, because of the method used by the City in paying permanent partial disability workmen’s compensation to plaintiffs and other employees. Following a nonjury trial, the trial court entered a judgment in favor of the City and dismissed the plaintiffs’ action with prejudice. Plaintiffs appeal.
Plaintiffs contend that an employer’s liability to an employee for permanent partial disability compensation cannot be discharged by advance payments without prior approval of the Bureau of Workmen’s Compensation, Division of Labor; that an employer cannot avoid its liability by an agreement with an employee to waive compensation; that an employee cannot release compensation, except as provided by statute; and that the act specifically exempts compensation from the claims of creditors.
The City contends that collective bargaining agreements entered into between an employee and an employer may provide that the employer pay full salary to an employee during temporary total disability, subject to reimbursement out of permanent partial disability compensation.
In addition, the City asserts that jurisdiction of this appeal is vested in the Supreme Court by virtue of Article V, Section 3(b)(1) of the Constitution of the State of Florida. We do not agree. The *341 trial court neither initially and directly passed on the validity of a state statute, nor construed a provision of the state constitution. Also, the City urges that the action brought by the employees is not a class action, and that all claims, except that of Connell, are barred by the statute of limitations. However, the trial court did not rule on these matters, nor did the City assign them as errors. Therefore, we cannot consider them.
The employees of the City, who were injured on the job, were paid full salary during temporary total disability, but required to repay any excess of salary over temporary total compensation out of any permanent partial compensation awarded the employees.
On 10 January 1961, the City adopted a resolution concerning the payment of workmen’s compensation benefits. Section 3 of the resolution provides that:
“Any and all payments made by the employer to an employee pursuant to this resolution for any class of disability in excess of the amount the employee would otherwise be entitled to under the Workmen’s Compensation Laws of the State of Florida, shall constitute an advance payment of compensation within the meaning of F.S. 440.20(jl1) by the employer and the employer shall be entitled to be reimbursed out of any unpaid installment or installments of compensation due for any class of disability and shall forthwith deduct therefrom any and all payments made to the employee in excess of that which the employee would be entitled to under the Workmen’s Compensation Act.”
On 28 February 1967, Section 3 was amended to read:
“If any such employee who is physically able to return to work and does so is receiving compensation for permanent partial disability under the Workmen’s Compensation Law, the city will pay from city funds the balance necessary for such employee to receive a sum equal to the salary of his position during such period as he continues to receive such compensation for permanent partial disability or until he is no longer employed by the city; provided, however, that if such employee receives a lump sum award for a permanent partial disability, his salary shall be reduced in the amount of 60% thereof or $42.00, whichever is the lesser per week, until the aggregate amount of such reduction in salary equals the amount of said lump sum award; and provided further that any such employee receiving a lump sum award may pay an amount equal to said lump sum award to the city, and in such event his salary shall not be reduced.”
It was stipulated that Section 3, as amended, has not been repealed, and that on 1 October 1970, collective bargaining agreements were entered into by the City and the employees’ bargaining agents which adopted the identical language of amended Section 3.
In Schel v. City of Miami, 193 So.2d 170 (Fla.1967), the Supreme Court was involved with a resolution similar to Section 3 of the resolution adopted by the City of Jacksonville on 10 January 1961. In Schel, the court held that when an employee was injured in the course of his employment, and was paid sums in excess of compensation due for temporary total disability pursuant to the City of Miami’s resolution providing for continuing wages, the city was not entitled to credit against the award of permanent partial disability for amount voluntarily paid in excess of temporary total disability. The court stated that reimbursement for voluntary advance payments of permanent partial compensation is limited to payments in the amount of and within the time for disability compensation of that class ultimately found to be due. Also, that during his period of temporary total disability an employee cannot be charged with payments to become due during a later period of permanent partial dis *342 ability unless prior approval of the Industrial Commission is obtained pursuant to its Rule 16.
Following the Schel decision, which became final on 23 January 1967, the City amended Section 3 of its resolution on 28 February 1967.
In Miller v. City of Jacksonville, Circuit Court of Duval County, 1970, Miller, a police officer of the City of Jacksonville, was paid full salary during an extended period of temporary total disability. After he returned to duty, the carrier paid him $1,691.92 by check for permanent partial disability. The City required him to endorse the check to the City or suffer a reduction of future salary. He endorsed the check and brought suit against the City to recover the $1,691.92. The City appealed from the judgment entered by the trial court on 20 August 1970, reading as follows :
“After the decision of the Supreme Court in Schel v. City of Miami (Fla.), 193 So. (2d) 170 (in which it was held that such a resolution was ineffective to entitle the City to a credit against permanent partial disability for salary paid during temporary total disability) the City Commission of Jacksonville amended Section 3 of the resolution to read:
‘Section 3. If any such employee who is physically able to return to work and does so is receiving compensation for permanent partial disability under the Workmen’s Compensation Law, the city will pay from city funds the balance necessary for such employee to receive a sum equal to the salary of his position during such period as he continues to receive such compensation for permanent partial disability or until he is no longer employed by the city; provided, however, that if such employee receives a lump sum award for a permanent partial disability, his salary shall be reduced in the amount of 60% thereof or $42.-00, whichever is the lesser per week, until the aggregate amount of such reduction in salary equals the amount of said lump sum award; and provided further that any such employee receiving a lump sum award may pay an amount equal to said lump sum award to the city, and in such event his salary shall not be reduced.’
“(f) Amended Section 3 does not purport to enable the City to recoup salary paid during temporary total disability. On the contrary, under the guise of a salary reduction, or in order to prevent a salary reduction, Section 3 appropriates the amount of Workmen’s Compensation an employee is entitled to receive for permanent partial disability after he returns to his employment.
“The liability of the City to the injured employee was fixed by Chapter 440.11, 440.12 and 440.15, Florida Statutes; and the City could not require the employee to waive his right to compensation for permanent partial disability (Chapter 440.21) or appropriate it as a creditor (Chapter 440.22).
“(g) Said Section 3 of said Resolution, as amended, is contrary to the letter, the spirit and the purpose of the Workmen’s Compensation Act.
“Upon consideration, it is decreed and declared that the City of Jacksonville wrongfully exacted from the plaintiff and required him to turn over to it the amount of Workmen’s Compensation, to-wit, $1,691.92, payable to him for permanent disability by the City’s Workmen’s Compensation Carrier by reason of an injury sustained on November 6, 1968, and the plaintiff, R. N. MILLER, is entitled to repayment thereof.”
In City of Jacksonville v. Miller, 254 So.2d 394 (Fla.App. 1st, 1971), we affirmed the trial court’s judgment, and in City of Jacksonville v. Miller, 264 So.2d 425 (Fla. 1972), the Supreme Court denied certiora-ri.
*343 On 1 October 1970, the City and its employees’ bargaining agents entered into bargaining agreements containing the identical language which three courts had declared to be contrary to the letter, the spirit, and the purpose of the Workmen’s Compensation Act.
Every employer coming within the provisions of this chapter, shall be liable for and shall secure the payment to his employees of the compensation payable under Sections 440.13, 440.15 and 440.16. Section 440.10(1), Florida Statutes.
The liability of an employer prescribed in Section 440.10, Florida Statutes, shall be exclusive and in place of all other liability of such employer to the employee. Section 440.11(1), Florida Statutes.
Compensation for disability shall be paid to the employee as follows :
TEMPORARY TOTAL DISABILITY.—
(a) In case of disability total in character but temporary in quality, 60 percent of the average weekly wages shall be paid to the employee during the continuance thereof, not to exceed 350 weeks. Section 440.15(2), Florida Statutes.
PERMANENT PARTIAL DISABILITY. — In case of disability partial in character but permanent in quality, the compensation shall, in addition to that provided by subsection (2) of this section, be 60 percent of the average weekly wages, and shall be paid to the employee as prescribed by this section. Section 440.15(3), Florida Statutes.
No agreement by an employee to waive his right to compensation under this chapter shall be valid. Section 440.21(2), Florida Statutes.
No assignment, release, or commutation of compensation or benefits due or payable under this chapter except as provided by this chapter, shall be valid, and such compensation and benefits shall be exempt from all claims of creditors, and from levy, execution and attachments or other remedy for recovery or collection of a debt, which exemption may not be waived. Section 440.22, Florida Statutes.
Liability of an employer for future payments of compensation shall not be discharged by advance payment unless prior approval of the bureau has been obtained as hereinafter provided. Rule 17(a), Florida Workmen’s Compensation Rules of Procedure.
When the claimant has reached maximum recovery and returned to his former or equivalent employment with no substantial reduction in wages, such approval of a reasonable advanced payment of a part of the compensation payable to the claimant may be given informally by letter by a judge, by the bureau chief, or the administrator of claims of the bureau. Rule 17(b).
When the claimant has not returned to the same or equivalent employment with no substantial reduction of wages or has suffered a substantial loss of earning capacity, or a physical impairment, actual or apparent: (1) an advance payment of compensation not in excess of $2,000 may be approved informally by letter, without hearing, by any judge or by the bureau chief; (2) an advance payment of compensation not in excess of $2,000 may be ordered by any judge after giving the interested parties the opportunity for a hearing thereon. Rule 17(c). See 285 So.2d 601 (Fla.1973).
The City argues that collective bargaining agreements entered into pursuant to constitutional and statutory provisions may provide for full salary during work related disability, subject to reimbursement out of any permanent partial disability compensation.
Article I, Section 6, of the Constitution of Florida, provides that:
“. . . The right of employees, by and through a labor organization, to bar *344 gain collectively shall not be denied or abridged. . . .”
Section 27.202b of the Charter of the City of Jacksonville (Chapter 67-1320, Laws of Florida, as amended) provides that:
“Public employees shall have the right to be represented by an employee organization of their own choosing, to negotiate collectively through a certified bargaining agent with their public employer in the determination of the wages, rates of pay, hours, and all other terms and conditions of their employment, and to be represented in the determination of grievances arising thereunder. Public employees shall have the right to refrain from exercising the right to be represented.”
Although the bargaining agents entered into the bargaining agreements on behalf of the employees, a principal cannot delegate to an agent authority to do for him what he cannot do for himself. An act which, if done by the principal, would be illegal because in violation of a statute cannot be done for him by an agent. Whitlock v. Creswell, 190 S.C. 314, 2 S.E.2d 838 (1939).
The terms and conditions of collective bargaining agreements must not violate statutory law or public policy. The requirement that employers and bargaining agents of employees engage in collective bargaining does not authorize an agreement that is in disregard of other laws. United Mine Workers of America v. Pennington, 381 U.S. 657, 85 S.Ct. 1585, 14 L. Ed.2d 626 (1965).
The bargaining agreements relied upon by the City totally ignore Sections 440.10(1), 440.11(1), 440.15(2) and (3), 440.21 and 440.22, Florida Statutes; Rule 17 of the Florida Workmen’s Compensation Rules of Procedure, and the decisions in the Schel and Miller cases. That part of the bargaining agreements which is in conflict with the Florida Statutes, Rules of Procedure, and decisions set forth above is invalid.
To arrive at any other conclusion would permit an employee with a broken arm to convalesce six months on full pay and return to his job at full pay without owing the City a penny. But the employee who has lost an arm, leg or eye while performing his job for the City, must endorse his permanent partial disability compensation check to the City before he can return to work with full pay.
In our judgment, the Legislature did not intend such a result. Section 440.03 provides that:
“Every employer and employee as defined in s. 440.02 shall be bound by the provisions of this chapter.”
The judgment is reversed and this case is remanded to the trial court for further proceedings which are consistent with the views expressed herein.
BOYER, C. J., and McCORD, J., concur.