McCORD, Judge.
Appellant raises three points for review in his appeal from a workers’ compensation order. We affirm in part and reverse in part.
In November 1977, appellant suffered a compensable accident when he injured his knee while employed by appellee Carillon Hotel as a banquet waiter. He worked for Carillon Hotel only “during the season” which ran from October through June. Therefore, at the time of his accident, appellant had worked for the hotel for only approximately six weeks. Prior to October 1, appellant was unemployed. As a result of the injury, appellant was unable to work from November 17 until December 31. He returned to work from January 1, 1978, until February 11, when he had to seek further medical treatment because his knee problem had flared up again. He reached maximum medical improvement on April 5, 1978, sustaining a 10% permanent partial disability of his leg.
In his first point on appeal, appellant asserts that the Judge of Industrial Claims erred in computing appellant’s average weekly wage. We agree. In computing the average weekly wage, the Judge averaged appellant’s actual salary for the 13-week period preceding the accident, thus, incorporating into his computations the seven weeks prior to October during which appellant was unemployed. The Judge of Industrial Claims’ method of computation was error. Under § 440.14(1), Florida Statutes (1977), if the injured employee has engaged in the employment in which he was working at the time of injury for 13 weeks immediately preceding the injury, his average weekly wage shall be Vis of the total amount of wages earned in that *229 employment during the 13 weeks. That subsection indicates that unless the employee has worked for at least 90% of the 13-week period, that method of computation of average weekly wage should not be used in his case. Section 440.14(2), Florida Statutes (1977), provides for computation of the average weekly wage using the wages of a similar employee in the same employment as a base if the injured employee has not worked in the employment for 13 weeks. There was no 'showing in this case that a similar employee was available. Appellant makes no contention that his average weekly wage should be calculated under § 440.-14(3) as a seasonal worker. Section 440.-14(4) provides:
If any of the foregoing methods cannot reasonably and fairly be applied the full-time weekly wages of the injured employee shall be used, except as otherwise provided in subsections (5) or (6).
The Judge of Industrial Claims should have computed appellant’s average weekly wage from appellant’s actual wages. Therefore, we reverse on this point and remand for a new determination of average weekly wage pursuant to § 440.14(4), Florida Statutes (1977). Robert Brown Building Maintenance v. Slack, IRC Order 2-3463 (June 27, 1978), cert. den. 374 So.2d 458 (Fla.1979); Imperial Frame Corp. v. Santos, IRC Order 2-3043 (Oct. 13, 1976), cert. den. 345 So.2d 423 (Fla.1977).
Moving to appellant’s second point, the temporary benefits awarded by the Judge of Industrial Claims were less than those already paid by the employer. The Judge ordered the employer to pay appellant certain permanent partial disability benefits. In the order, the Judge directed that the employer could take credit for benefits previously paid. Since no permanent partial disability benefits had been previously paid, the above statement by the Judge appears to indicate that the employer may take credit for the overpayment of temporary total benefits. Appellant argues as his second point that the employer is not entitled to any credit for excess payment of temporary benefits against payment of permanent benefits. This issue has been rendered moot by our ruling that benefits must be recalculated on remand due to the Judge of Industrial Claims’ improper computation of average weekly wage. We note, however, that credit for overpayment of benefits cannot be given except as against the same class of benefits and within the same time of disability. Diplomat Hotel v. Badini, IRC Order 2-3494 (1978); Tampa Wholesale Company v. Gores, IRC Order 2-3720 (1979); and Schel v. City of Miami, 193 So.2d 170 (Fla.1966).
We have considered appellant’s third point regarding the Judge of Industrial Claims’ assessment of attorneys fees and find no error.
Affirmed in part and reversed in part and remanded for reconsideration consistent with this opinion.
LARRY G. SMITH and WENTWORTH, JJ., concur.