397 So.2d 756 (1981)
BELAM FLORIDA CORPORATION; Federal Insurance Company, Appellants,
v.
Dallas DARDY, Appellee.
No. VV-483.
District Court of Appeal of Florida, First District.
April 30, 1981.
*757 H. George Kagan of Miller, Hodges & Kagan, Miami, for appellants.
R. Cory Schnepper of Ser, deCardenas, Levine, Busch & Allen, Miami, for appellee.
SHAW, Judge.
The claimant sustained a compensable accident arising out of and in the course of his employment on June 8, 1978, when he injured his left shoulder, left foot and, as a consequence thereof, developed thrombophlebitis. Temporary benefits were timely paid. The claimant reached maximum medical improvement on December 28, 1978, with a 35.5% permanent partial disability to the body as a whole. The record discloses that the payment of temporary total disability compensation may have continued for 9 weeks and 3 days beyond the date of maximum medical improvement. Based upon his belief that payments made as temporary total disability compensation should not be reallocated to permanent partial disability compensation and allowed as a credit against future payments of the same, the Deputy Commissioner refused to determine the amount of overpaid temporary benefits and to allow the carrier a credit against permanent benefits found due.
The employer sought, at the pretrial conference, to have the overpayment reclassified as permanent partial disability compensation. This attempt at reclassification resulted from fear that the Deputy Commissioner would disallow a credit as between different classes of benefits based upon the supreme court's decision in Schel v. City of Miami, 193 So.2d 170 (Fla. 1967). A review of the following decisions postdating Schel appear to absolutely prohibit such credit. Total Appliance Repairs v. Nelson, 382 So.2d 1333 (Fla. 1st DCA 1980); Desfosses v. Carillon Hotel, 389 So.2d 228 (Fla. 1st DCA 1980); The Boeing Co. v. Bailey, IRC Order 2-3869 (July 30, 1979); Tampa Wholesale Co. v. Gores, IRC Order 2-3720 (February 26, 1979); Perkins v. Heller Bros. Packing Corp., IRC Order 2-3542 (September 20, 1978); Diplomat Hotel v. Badini, IRC Order 2-3494 (August 2, 1978). The employer concedes that the Deputy's denial of credit finds support in these cases, but hastens to add that the decisions result from a misinterpretation of the following paragraph from the Schel decision:
Rule 9, relied on by the commission, provides only for reimbursement "to the extent of the compensation paid." We think this provision, in the language of the statute, implies a limitation both as to the intent with which advance payments are made and as to surrounding circumstances permitting or preventing characterization of such payments as "payments of compensation" within the theory of the compensation law. In accord with the apparently prevailing view of courts construing similar provisions, we conclude that reimbursement for voluntary advance payment of permanent partial disability compensation must be limited to payments in the amount of and within the time for disability compensation of that class ultimately found to be due. (e.s.)
The underlined portion has led to the faulty conclusion that under no circumstances can an overpayment of one class of compensation be taken as a credit against compensation of another class ultimately found to be due. Upon reflection we conclude that Schel does not pose such a proscription. The thrust of the decision was to point out that in allowing credit for voluntary advance payments the Deputy must consider the intent with which the payments were made and the surrounding circumstances permitting or preventing the characterization of such payments as "payments of compensation," e.g., where credit is to be given for wages paid in lieu of compensation the amount of credit is not the amount of *758 wages paid, but the amount of compensation due for the particular week, and the dollar excess cannot be carried over as a credit against other weeks of liability. Diplomat Hotel v. Badini, supra is often, cited for the proposition that voluntary advance payment of compensation is gratuitous except to the extent of payment "in the amount of and within the time for disability compensation of that class ultimately found to be due." Read out of context the statement is confusing and even misleading. The reason a credit was not allowed in Badini was that there was no carrier liability for additional permanent disability compensation and there was no order requiring the payment of additional temporary disability compensation covering the period of the asserted overpayment. The Commission correctly determined that there was no basis for credit and the overpayment was therefore a gratuity.
Schel, Badini and their progeny have apparently fostered the faulty impression that under no circumstances can overpayment of compensation in one class be applied as credit against compensation found to be due in another class. Such an ironclad rule has been shown to result in inequities. A more moderate approach, and one that we hereby adopt, presumes that any overpayment of compensation is a gratuity in the absence of a finding that a reasonable basis exists for the overpayment. If the Deputy finds such a basis the presumption is dissipated and he may allow the overpayment to be applied as a credit against compensation ultimately found to be due even though the compensation may be of another class. We expressly receded from any decision by this court to the contrary.
The failure of the Deputy to make a finding relative to the amount and reasonableness of the basis for the overpayment was error. The order is accordingly reversed and the cause is remanded for further proceedings consistent with this opinion. The award of attorney's fees should be reconsidered in light of this reversal. The remaining point on appeal is affirmed.
MILLS, C.J., and McCORD, ROBERT P. SMITH, Jr., ERVIN, BOOTH, LARRY G. SMITH, SHIVERS, and JOANOS, JJ., concur.
WENTWORTH, J., specially concurring with opinion.
THOMPSON, J., concurring with opinion.
THOMPSON, Judge, concurring.
I concur with the majority opinion that Schel v. City of Miami, 193 So.2d 170 (Fla. 1967) does not require that an overpayment of compensation in one class can never be applied as a credit against, or reclassified as, compensation in another class found to be due.
In Schel, the claimant was paid his full salary while he was temporarily totally disabled, pursuant to a resolution adopted by the employer. As stated by the court, that resolution provided
for continuing wages during limited periods of temporary disability; providing further that all such payments "in excess of the amount the employee would otherwise be entitled to" under the [Workers' Compensation] Act shall be reimbursed to the employer out of any unpaid "installments of compensation due for any class of disability." (E.S.)
193 So.2d at 171. The Industrial Relations Commission ("the IRC") characterized all payments made pursuant to the resolution as being advance compensation, and ordered that $577.70 paid in excess of allowable temporary total disability ("TTD") compensation should be credited against a subsequent award of permanent partial disability ("PPD") benefits. Thus, it is clear that the compensation (in the form of wages) that was paid in excess of the TTD benefits that were due, was treated by the IRC as being an advance payment of PPD benefits.
The Supreme Court reversed the IRC's Order, simply holding that if an employer pays TTD compensation in the form of wages, and those wages exceed the amount of TTD compensation that is actually due, the excess cannot be recouped by the employer *759 via a credit against any future payments of PPD compensation.
The Supreme Court concluded that "reimbursement for voluntary advance payment of [PPD] compensation must be limited to payments in the amount of and within the time for disability compensation of that class ultimately found to be due." 193 So.2d at 172. Thus, assuming that the IRC had properly characterized the wages in excess of TTD benefits as being "advance payments of PPD benefits," the employer would not be entitled to reimbursement for those payments because they were not made during the time that PPD compensation was ultimately found to be due. Only if wages had been paid during a period that was subsequently determined to be one of PPD, would the employer have been entitled to an appropriate credit against PPD benefits. As noted in Schel, just before the court's conclusion therein,
The amount of credit is not the amount of wages paid but the amount of compensation due for the particular week [;] thus if the wages paid was $30.00 and if the compensation due for the week was $20.00 the credit is for $20.00 only. In other words, the credit is for the week not for the number of dollars, and the excess cannot be carried over as a credit as against other weeks of liability.

193 So.2d at 172 n. 11, citing 2 Larson, The Law of Workmen's Compensation, § 57.47 (emphasis supplied). Thus, if it was ultimately found that a claimant was entitled to 50 weeks of PPD benefits, and the employer had paid wages during the first 20 weeks of that period (in an amount equal to or greater than the PPD compensation due for each week), the employer would be credited with having paid only 20 weeks of PPD benefits, with 30 weeks still due. Any payments in excess of the amount of PPD compensation due for each week would be gratuitous.
Schel simply pointed out that if it was subsequently determined that a certain amount of benefits were due for a certain time, the employer would be entitled to a reimbursement only to the extent that it had provided advance payments (i.e., payments made before the benefits were actually determined by the Deputy) up to the amount of benefits that were due, during the time such benefits were due. Any excess amounts paid by the employer (beyond the amount of compensation actually due) are a gratuity and would not be reimbursed. The employer in Schel had paid, in the form of wages, more compensation for TTD each week than was actually due, and then erroneously attempted to credit the excess over the TTD compensation rate against future payments of PPD compensation.
If a deputy ultimately determines that PPD benefits were due from a given date, in a certain amount, any payments of compensation made during that time, up to the amount of PPD compensation actually due, should be treated as PPD compensation, regardless of how those payments were denominated.[1] In this sense, Schel supports the position taken by the appellants herein.
There is no detriment to the claimant in allowing the employer/carrier to administratively reclassify any TTD benefits paid past the date of MMI to PPD benefits (as the appellants attempted to do in this case). Thus, if the Deputy ultimately determines that PPD benefits were due from a given date, and the employer/carrier has paid TTD benefits during part of that period, they would be allowed to reclassify those TTD benefits to PPD benefits. Of course, in accordance with Schel, there would be two limitations to such a reclassification: First, only TTD payments that were paid when PPD compensation was actually due (as ultimately determined by the Deputy) would be subject to reclassification. Second, the reclassification of these TTD benefits to PPD benefits would be limited to the extent that the employer/carrier had *760 actually paid (as TTD benefits) the amount of PPD benefits ultimately found to be due. If the employer/carrier paid TTD benefits past the date of MMI, in excess of the amount of PPD compensation that is ultimately found to be due, such an excess could not be reclassified, but instead, would constitute a gratuitous payment to the claimant. Likewise, if the employer/carrier paid TTD benefits past the date of MMI, but such payments were less than the amount of PPD compensation that is ultimately found to be due, the employer/carrier would have to make up this deficiency, although they could still reclassify those TTD benefits to PPD benefits. Finally, there is a third limitation: There must have been a reasonable basis for denominating payments made past the date of MMI (as that date is determined by the Deputy) as TTD payments, rather than as PPD payments. Based on the record in this case, there was a reasonable basis for such a denomination.
There is no reason not to allow a reclassification in this case, since such a reclassification would result in both the appellants and the claimant being afforded their legal rights. Claimants would receive the amount of compensation to which they are legally entitled, without any reduction of PPD benefits, while employers and their carriers would pay only the amount of compensation which they are legally responsible for. Accordingly, when an employer/carrier pays TTD benefits beyond what is later determined to be the date of MMI, the employer/carrier should be able to reclassify those benefits to PPD benefits, subject to the limitations discussed above. To hold otherwise would be to exalt form over substance; allow claimants to garner windfalls by claiming a late MMI date that is subsequently determined to have been reached earlier in time; and encourage employers to cut off TTD payments as quickly as possible, to avoid a double payment. Our decision should encourage employers to pay TTD benefits as they become due, thereby facilitating one of the goals of the Workers' Compensation Act: the prompt and efficient payment of benefits to injured workers so that they will have some means of support while they are unable to work.
WENTWORTH, Judge, specially concurring.
I agree with the court's conclusion remanding for determination of a reasonable basis for reclassification of benefits paid. The preliminary decision of the majority to order hearing en banc, however, does not in my opinion observe the rule's limitation that "[e]n banc hearings ... shall not be ordered" unless a conflict in this court's decisions must be resolved to maintain decisional uniformity. Rule 9.331, 1977 Florida Rules of Appellate Procedure. Clarification and amplification of earlier precedent or dicta, including Supreme Court opinions, would apparently remain the proper province of the court's panels as constitutionally prescribed.
NOTES
[1] Cf. Air International, Inc. v. Benton, 7 FCR 241 (1972), cert. den. 272 So.2d 819 (Fla. 1973) (Benton is inversely analogous: there, the employer/carrier paid PPD benefits during a period that was subsequently reclassified as one of TTD, and the IRC allowed an appropriate credit.)