PER CURIAM.
The employer/carrier (E/C) bring this appeal from a compensation order issued upon claimant’s petition for modification of a pri- or order. The E/C assert that the deputy commissioner (deputy) erred in several respects, among them, by failing to find that the E/C are entitled to receive credit for overpayment of temporary total disability (TTD) benefits during the period from June 19, 1980 to February 28, 1981. We agree that the deputy erred in failing to determine whether there was a reasonable basis for the overpayment, and in failing to allow the E/C to credit any overpayments found to have been reasonably made against continuing TTD or unpaid permanent partial disability (PPD) benefits. We find the remaining issues raised by appellant to be without merit.
Claimant’s industrial injury occurred in 1974, and in 1978 claimant was found by the Judge of Industrial Claims to have reached maximum medical improvement on November 7,1977, with a 50% permanent disability of the body as a whole. The E/C thereafter commenced payment of PPD benefits. On June 19, 1980 claimant had to be re-hospitalized for treatment of accident-related injuries, and the E/C commenced payment of TTD benefits on that date and continuing through the date of the hearing. However, uncontradicted evidence in the record *1183 reveals that claimant returned to work around August 1, 1980, and worked fairly regularly thereafter until November 16, 1980 when she entered the hospital for non-accident related medical treatment. The claimant was not entitled to receive TTD benefits for the periods when she was working or was disabled as the result of noncom-pensable medical problems, and, indeed, she only claimed entitlement to nine weeks of TTD benefits for the period from June 1980 to February 1981.
Accordingly, the case is remanded with instructions to the deputy to calculate the amount of the TTD benefits to which claimant was entitled during the period in issue and, if overpayment was reasonable, to allow the E/C to credit any overpayment against claimant’s continuing TTD benefits, if any, or against any as yet unpaid PPD benefits. Belam Florida Corporation v. Dardy, 397 So.2d 756 (Fla. 1st DCA 1981). If the claimant is no longer receiving temporary disability benefits, and if the amount of the E/C’s overpayment exceeds the amount of permanent benefits which remain unpaid, if any, such portion of the overpayment as exceeds the amount of disability benefits remaining due shall be considered gratuitous and may not be recovered by the E/C. AFFIRMED in part and REMANDED.
MILLS, BOOTH and THOMPSON, JJ., concur.