PER CURIAM.
The Appellants, employer/carrier (e/c), in this workers’ compensation action contend that the deputy commissioner (the deputy) erred in awarding claimant temporary total disability (TTD) benefits from September 17, 1981 through January 14, 1982 and from January 29, 1982 through February 16, 1982. We disagree and find that there was competent substantial evidence to support the deputy’s conclusion that the claimant’s injury was the result of an industrial accident and not the result of Reiter’s Syndrome. Appellants alternatively contend that the deputy erred in finding that the e/c was not entitled to reclassification of wage-loss benefits overpaid from May 8, 1981 through July 8, 1981 and a credit for such overpayment. We agree and reverse paragraph 16 of the deputy’s order with instructions.
Although some confusion has existed in the past concerning the reclassification of benefits overpaid in one class of compensation and the application of such overpayment as a credit against unpaid benefits of another class such confusion was eliminated by our decision in Belam Florida Corporation v. Dardy, 397 So.2d 756 (Fla. 1st DCA 1981). In Dardy we rejected the misconception that overpayment of compensation in one class of benefits could never be applied as a credit when a different class of benefits is found to be due and we stated that
[a] more moderate approach, and one that we hereby adopt, presumes that any overpayment of compensation is a gratuity in the absence of a finding that a reasonable basis exists for the overpayment If the Deputy finds such a basis the presumption is dissipated and he may allow the overpayment to be applied as a credit against compensation ultimately found to be due even though the compensation may be of another class. We expressly recede from any decision by this court to the contrary.
Id. at 758. When the e/c seeks a credit for overpayment, it is incumbent on the deputy to determine whether a reasonable basis exists for such overpayment. State of Florida, Division of Family Services v. Varela, 418 So.2d 1182 (Fla. 1st DCA 1982).
Accordingly, we reverse paragraph 16 of the deputy’s order and remand this case with directions to the deputy to calculate the amount of wage-loss benefits which were paid to claimant from May 8, 1981 through September 17, 1981 and to determine also whether a reasonable basis existed for such overpayment. If the overpayment was reasonable, the e/c must be allowed a credit against any unpaid TTD benefits awarded. If no benefits remain unpaid, or if the amount of such credit would exceed the unpaid TTD benefits, such excess portion of the overpayment must be considered gratuitous and may not be recovered by the e/c. Cf. State of Florida, Division of Family Services v. Varela.
AFFIRMED in part, REVERSED in part and REMANDED.
ERVIN, LARRY G. SMITH and SHIVERS, JJ., concur.