JOANOS, Judge.
In this worker’s compensation case, the employer and carrier (“E/C”) question the propriety of an award of wage loss benefits, the procedure followed by the deputy commissioner in ruling on the claim and on a recusal motion, the deputy’s decision to seek further medical evidence regarding claimant’s impairment status, and the treatment of E/C’s claim for credit for overpayment of temporary total disability (“TTD”) benefits. We affirm on all issues except the matter of the TTD benefits.
As the basis for finding that claimant was entitled to TTD benefits in March, April, and May, 1982, the deputy found that Dr. Stalnaker stated it would have been medically inadvisable for claimant to return to work during these months. We are unable to locate competent substantial evidence in the record to support this finding. Dr. Stalnaker, claimant’s treating physician, testified that when he first saw claimant in March, 1982, she could not have carried on with her employment, but by March 26, 1982, she had improved enough so that she probably could have worked. He also said there were several days in July, 1982, not within the pertinent time period of this issue, when she was hospitalized for a medication reaction and could not have worked, but other than those times if she avoided exposure to the substance to which she was allergic, she was capable of some form of gainful employment. During the time in question, claimant made no conscientious effort to return to work. Under these circumstances, the deputy’s finding claimant was entitled to TTD benefits in March, April, and May, 1982, is not supported by competent substantial evidence, thus there was an overpayment of compensation benefits.
An overpayment of compensation is presumed to be a gratuity absent a finding that a reasonable basis exists for the overpayment. “If the Deputy finds such a basis the presumption is dissipated and he may allow the overpayment to be applied as a credit against compensation ultimately found to be due even though the compensation may be of another class,” Belam Florida Corp. v. Dardy, 397 So.2d 756 (Fla. 1st DCA 1981). In the present order, the deputy commissioner found that E/C reasonably believed that the claimant was TTD during the time in question. Therefore credit should have been given.
Reversed and remanded with directions for credit to be given toward wage loss benefits in the amount overpaid for TTD benefits. In all other respects, the order is affirmed.
*1145 AFFIRMED in part, REVERSED in part and REMANDED.
SHIVERS and THOMPSON, JJ„ concur.