WENTWORTH, Judge.
Employer/carrier seek review of a workers’ compensation order by which the compensation rate established in a prior order was modified. Claimant cross-appeals. We find that the modification was appropriate, and that the deputy did not abuse his discretion in declining to allow employer/carrier a credit for payments made pursuant to the prior order. We therefore affirm the order appealed.
Claimant was awarded disability benefits by an order which addressed an average weekly wage issue. In reciting claimant’s position, which the deputy accepted, the order noted the corresponding maximum compensation rate of $228. However, in the decretal portion of the order benefits were awarded upon a compensation rate of $288. Claimant obtained a rehearing on *411 other matters, but neither party advised the deputy as to the discrepancy with regard to the compensation rate.
Several months later employer/carrier did bring the issue to the deputy’s attention, by a motion seeking credit for overpayment. Employer/carrier indicated that past due compensation had been provided and current payments made in accordance with the $288 compensation rate, and sought credit for the amount by which these payments exceed the correct compensation rate of $228.
The deputy treated employer/carrier’s motion as one for modification. Conceding that, contrary to the findings in the body of the prior order, the compensation rate had been inaccurately recited in the decretal portion thereof, the deputy amended that portion of the order to conform with the maximum compensation rate of $228 established by the evidence recited and accepted in the order. This amendment was permissible pursuant to section 440.28, Florida Statutes, which allows modification upon a mistake in a determination of fact by the deputy. See City of Vero Beach v. Thomas, 388 So.2d 1374 (Fla. 1st DCA 1980). While the issue might have been presented to the deputy before the order became final, in the circumstances of this case the deputy was not precluded from subsequently addressing the issue. Unlike cases such as Acosta Roofing Co. v. Gillyard, 402 So.2d 1321 (Fla. 1st DCA 1981), employer/carrier did not bypass the deputy and initiate an appellate proceeding challenging the compensation order before it became final. There is no indication that employer/carrier failed to promptly bring the matter to the deputy’s attention once it was discovered. In these circumstances the deputy was entitled to treat employer/carrier’s motion as one seeking modification, and amend the prior order to reflect the proper compensation rate.
Although amending the prior order, the deputy declined to allow any credit for excess payments made pursuant thereto, noting that this resulted from employer/carrier’s delay in detecting the inconsistency in the order and failure to file a timely motion for rehearing. Credit has been permitted where an overpayment resulted from a clerical error in circumstances where the court did not find a lack of due diligence by employer/carrier. See Marrero v. FPA Corp., 511 So.2d 1008 (Fla. 1st DCA 1987). But crediting is proper only when there is a reasonable basis for the overpayment. See Belam Florida Corp. v. Dardy, 397 So.2d 756 (Fla. 1st DCA 1981). In the present case the error in the prior order was apparent from the face of the document. Employer/carrier clearly could have obtained a correction of the patent conflict in the terms of the order before making the mandated payments had they acted with ordinary care and diligence in ascertaining their responsibility under the order. The deputy was entitled to conclude that in this context a reasonable basis did not exist for the excess payments, and the request for credit was thus properly denied.
The order appealed is affirmed.
NIMMONS and MINER, JJ., concur.