JOANOS, Judge.
Rhea Carvell has appealed from an order of the judge of compensation claims requiring her to reimburse the carrier for an overpayment of benefits. We reverse, and remand for reconsideration by the judge pursuant to the correct legal standard.
After Carvell’s January 1987 accident, the carrier commenced paying temporary total disability benefits, which continued until December 22, 1987 at the rate of $341.67 biweekly. Temporary partial disability benefits were paid in varying amounts from December 23, 1987 until August 31, 1988, and wage loss benefits were paid, also in varying amounts, from September 1, 1988 until October 9, 1988. At that point, the carrier reclassified Carvell as temporarily totally disabled, and on October 31, 1988, issued a check covering the four-week period from October 10 to November 6, 1988 in the amount of $683.28.
The carrier paid temporary total benefits thereafter, but rather than paying the correct biweekly amount of $341.64, the carrier continued paying the four-week figure of $683.28. In January 1989, the carrier agreed to make a $1500 advance payment against future benefits, to be repaid by deducting $50 from each biweekly payment. The carrier then re-visited Carvell’s file in order to reduce the biweekly benefit amount to $633.28, but did not notice that it was making double payments. The overpayment continued until it was finally discovered on April 24, 1989, some five months after temporary total benefits were recommenced. The carrier ceased paying benefits altogether after that date, informing Carvell that she would not be paid again until the total overpayment of $3124 was recouped.
Carvell thereupon sought an emergency hearing before the judge of compensation claims in an attempt to reinstate her benefits, contending that the overpayment was a gratuity for which the carrier was not entitled to be reimbursed. The judge disagreed and, after a hearing, found that, because the overpayment had been caused by an inadvertent computer error, and because Carvell had continued to accept the overpayment despite knowledge of the correct amount from her receipt of temporary total benefits in 1987, the carrier was entitled to recoup the overpayment. However, the judge held that the carrier could not do so by ceasing entirely to pay benefits, but could simply continue the $50 biweekly deduction until both the $1500 advance and the $3124 overpayment were repaid.
Generally, an overpayment of benefits in workers’ compensation is presumed a gratuity unless a reasonable basis exists for such overpayment. Strickland v. Neil’s Painting, 545 So.2d 333, 334 (Fla. 1st DCA 1989). Credit is permissible when an overpayment resulted from a clerical error in circumstances where there has not been a lack of due diligence by the employer/carrier. However, crediting is proper only where there is a reasonable basis for the overpayment. Montgomery Ward v. Wade, 545 So.2d 410, 411 (Fla. 1st DCA 1989).
In Wade, the original compensation order required the carrier to pay benefits in excess of the maximum compensation rate, which the carrier did for several months before discovering the error. This court affirmed the judge’s subsequent finding that there was no reasonable basis for the overpayment, in that the error was apparent from the face of the order, and a correction could have been made had the employer/carrier acted with “ordinary care and diligence in ascertaining their responsibility.” Wade at 411. Here, the carrier issued Carvell a $683.28 check which clearly indicated on its face that it was for a four-week period. However, it continued to issue checks for the same amount, which checks just as plainly indicated that they were for two-week periods.
The judge placed heavy reliance on the carrier’s argument that the overpayment was not a “clerical error,” but rather “an inadvertent computer error.” However, the record reflects that a claims adjuster *119 revisited the file periodically to note payments, and manually adjusted the benefit amount in January 1989 as a result of the $1500 advance payment, all without discovering that it was paying too much. Further, each check was signed by the adjuster before being sent to Carvell.
Because the judge herein made no finding with regard to whether these circumstances reflect a "lack of ordinary care and diligence” on the part of the carrier, Wade, his finding that the computer error in and of itself was a reasonable basis for the overpayment is reversed, and the case is remanded for reconsideration in light of this opinion.
Reversed and remanded with directions.
SHIVERS, C.J., and ZEHMER, J., concur.