**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-2102

TAMMIE THOMPSON, individually and on behalf of all others similarly situated;
DEBRA LOVE, individually and on behalf of all others similarly situated,

Plaintiffs - Appellants,

v.

CIOX HEALTH, LLC, d/b/a IOD Incorporated; SCANSTAT TECHNOLOGIES
LLC,

Defendants - Appellees.

Appeal from the United States District Court for the District of South Carolina, at
Charleston. Bruce H. Hendricks, District Judge. (2:20-cv-02847-BHH)

Argued: September 16, 2022                          Decided: October 28, 2022

Before KING, RUSHING, and HEYTENS, Circuit Judges.

Affirmed by published opinion. Judge Heytens wrote the opinion, in which Judge King and
Judge Rushing joined.

**ARGUED:** James C. Bradley, ROGERS, PATRICK, WESTBROOK & BRICKMAN,
LLC, Mount Pleasant, South Carolina, for Appellants. Gilad Yair Bendheim, KIRKLAND
& ELLIS LLP, New York, New York, for Appellees. **ON BRIEF:** Nina H. Fields, Caleb
M. Hodge, ROGERS, PATRICK, WESTBROOK & BRICKMAN, LLC, Mount Pleasant,
South Carolina, for Appellants. A. Victor Rawl, Jr., Brittany T. Bihun, GORDON & REES
LLP, Charleston, South Carolina, for Appellees ScanSTAT Technologies LLC. Jay P.

2

Lefkowitz, Mason E. Reynolds, KIRKLAND & ELLIS LLP, New York, New York, for Appellee Ciox Health, LLC.

---

TOBY HEYTENS, Circuit Judge:

South Carolina law gives patients a right to obtain copies of their medical records, while capping the fees "[a] physician, or other owner" may bill for providing them. S.C. Code Ann. § 44-115-80. Asserting they were charged excessive fees, plaintiffs Tammie Thompson and Debra Love sued third-party medical records companies that fulfilled their requests, but which do not—and under South Carolina law, cannot—own those records. Because the statutory obligations at issue apply only to physicians and other owners of medical records, not medical records companies, we affirm the district court's dismissal of the complaint.

I.

Thompson and Love were injured in unspecified accidents and treated by South Carolina health care providers. Seeking to pursue personal injury lawsuits, Thompson and Love requested their medical records from the relevant providers. Those records—and accompanying invoices—were supplied by defendants Ciox Health, LLC and ScanSTAT Technologies LLC, "information management companies" that retrieve medical records from health care providers and transmit them to requesting patients or patient representatives. JA 9.

Claiming the invoiced fees were too high or otherwise illegal, Thompson and Love filed a putative class action against Ciox and ScanSTAT in federal district court. The complaint listed four claims, all arising under South Carolina law. The district court dismissed the complaint on two separate grounds: (1) that the South Carolina Physicians' Patient Records Act (Patient Records Act or Act) does not apply to medical records

3

companies like Ciox and ScanSTAT; and (2) even if it did, the Act creates no private right of action. We review the district court's decision de novo. See, *e.g.*, *Krueger v. Angelos*, 26 F.4th 212, 215 n.1 (4th Cir. 2022).[1]

## II.

In our view, this appeal comes down to one question: Does the Patient Records Act cover companies like Ciox and ScanSTAT?

To begin, we decline plaintiffs' belated request to certify this question to the Supreme Court of South Carolina. Plaintiffs chose to file suit in a federal forum, and they never asked the district court to certify any questions to the state courts. Indeed, plaintiffs' first request for certification came via a one-sentence request on the last page of their opening brief on appeal from a district court judgment against them. This Court has declined requests for certification in analogous circumstances, and we see no reason for a different result here. See *Powell v. United States Fid. & Guar. Co.*, 88 F.3d 271, 273 & n.3 (4th Cir. 1996) (denying certification when the plaintiff "initially filed suit in a state court

---

[1] We briefly address a jurisdictional tangle that could have been avoided by more careful pleading. Despite asserting diversity jurisdiction under the Class Action Fairness Act, the complaint does not specifically allege a principal place of business for either Ciox or ScanSTAT. See *Ferrell v. Express Check Advance of S.C. LLC*, 591 F.3d 698, 704 (4th Cir. 2010) (holding that entities like Ciox and ScanSTAT are citizens of both the States under whose laws they are organized and in which they have their principal place of business). At oral argument, plaintiffs asserted, without contradiction, that Ciox has its principal place of business in Georgia, Oral Arg. 2:41:14–2:41:25, which is to enough to maintain the required minimal diversity from the two South Carolina-domiciled plaintiffs. Treating that uncontested allegation as a constructive amendment of the complaint under 28 U.S.C. § 1653, we are satisfied the district court had jurisdiction to consider a motion to dismiss for failure to state a claim.

4

but took a nonsuit" before refiling in federal court); *National Bank of Wash. v. Pearson*, 863 F.2d 322, 327 (4th Cir. 1988) (certification inappropriate when the party seeking it "removed th[e] case from Maryland state court after the Maryland judge decided the question against him").

Nor is this a situation where existing authority "is clearly insufficient" to resolve the question before us. *Roe v. Doe*, 28 F.3d 404, 407 (4th Cir. 1994). "In interpreting a state law, we apply the statutory construction rules applied by the state's highest court." *Eubanks v. South Carolina Dep't of Corr.*, 561 F.3d 294, 300 (4th Cir. 2009). And "[w]hen a statute's terms are clear and unambiguous," South Carolina's highest court has instructed, "there is no room for statutory construction and a court must apply the statute according to its literal meaning." *Sloan v. Hardee*, 640 S.E.2d 457, 459 (S.C. 2007).

This is such a case. South Carolina law states that—absent circumstances no one alleges apply here—the only permissible owners of patient medical records are "a physician or osteopath licensed by the South Carolina State Board of Medical Examiners or a hospital licensed by the South Carolina Department of Health and Environmental Control." S.C. Code Ann. § 44-115-130; see § 44-115-20. Although patients do not own their medical records, they have "a right to receive a copy of" such records "upon request." § 44-115-30. Because fulfilling such requests takes time and resources, South Carolina law provides that "[a] physician, or other owner of medical records as provided for in Section 44-115-130, may [generally] charge a fee for the search and duplication of a paper or electronic medical record." § 44-115-80(A); see also § 44-115-80(B) (requiring that certain records be provided "at no charge").

5

The problem for plaintiffs is straightforward: The "plain and ordinary meaning" of the Patient Records Act does not cover the kind of entities plaintiffs have sued. *Catawba Indian Tribe of S.C. v. State*, 642 S.E.2d 751, 754 (S.C. 2007).

Acknowledging this problem, plaintiffs insist that excluding medical records companies from the Act's reach creates an absurdity. But even assuming—for the sake of argument—that South Carolina's highest court would authorize a rewrite of clear statutory language to avoid genuinely "absurd" results, *State v. Long*, 753 S.E.2d 425, 427 n.5 (S.C. 2014), we perceive no such absurdity here.

The parties agree that when companies like Ciox and ScanSTAT fulfill requests for copies of patient records, they do so as agents for the doctors and hospitals who are, under South Carolina law, the only permissible owners of such records. Thompson Br. 25; Oral Arg. 3:00:59–3:02:04. South Carolina law has long recognized that a principal who holds a statutory duty cannot escape the legal consequences of failing to comply even when employing an agent to carry out the required conduct. See *Whitlock v. Creswell*, 2 S.E.2d 838, 845–46 (S.C. 1939); accord Restatement (Third) of Agency § 7.06 ("A principal required . . . by law to protect another cannot avoid liability by delegating performance of the duty, whether or not the delegate is an agent."). So if plaintiffs were charged fees to obtain copies of their medical records that were not authorized by the Patient Records Act, the providers who own the records have violated the Act. And if the Act creates a private right of action—a point we need not decide given our conclusion that it does not apply to

6

Ciox and ScanSTAT in the first place—it would thus be against the providers who bear the Act's obligations.[2]

Plaintiffs' response sounds more in inconvenience than absurdity. According to plaintiffs, because it would not be "economically feasible" to bring direct claims against the providers who own plaintiffs' medical records, they must be allowed to bring a class action against companies (like Ciox and ScanSTAT) that serve a bevy of providers. Oral Arg. 2:48:15–2:49:12. But the Patient Records Act says what it does, and plaintiffs identify no South Carolina authority for the proposition that it is absurd to require claims to be brought against certain defendants even when it may be more convenient to sue others.

Our conclusion that the Patient Records Act does not apply to Ciox and ScanSTAT is enough to affirm the dismissal of all of plaintiffs' claims. Plaintiffs' first and fourth causes of action directly accuse Ciox and ScanSTAT of violating the Act. And plaintiffs' second and third causes of action likewise fail because they are, as pled, premised on the notion that Ciox and ScanSTAT (rather than any owner of medical records) "charg[ed] . . . more than is allowed by" the Patient Records Act or "act[ed] in direct violation of" it. JA 21, 22. The judgment of the district court is therefore

*AFFIRMED.*

---

[2] Plaintiffs suggest they can sue Ciox and ScanSTAT as "agent[s] in possession of funds to which neither the agent nor the principal is entitled." Thompson Br. 27. It is black letter law, however, that an agent fulfilling—or failing to fulfill—a principal's statutory duty takes on liability to a third party only when the terms of the statute allow. Restatement (Third) of Agency § 7.01 cmt. c; see *Faber v. Ciox Health, LLC*, 944 F.3d 593, 602 (6th Cir. 2019). The terms of this statute say nothing of the sort.