ERVIN, Chief Judge.
Claimant appeals an order of the deputy commissioner permitting the employer/carrier (e/c) to recover in the future past overpayments of compensation based on an incorrect average weekly wage. The e/c in turn cross-appeals the deputy’s calculation of the average weekly wage caused by his alleged failure to grant its request for an offset by reason of the claimant’s receipt of social security disability payments. As to both appeals we affirm, finding competent, substantial evidence supporting the deputy’s determinations.
*66 In addressing the point raised by claimant, we observe that he relies upon our opinion in Belam Florida Corporation v. Dardy, 397 So.2d 756 (Fla. 1st DCA 1981), holding that any overpayment of compensation to a claimant is presumed a gratuity in the absence of a finding that a reasonable basis exists for such overpayment. Although the deputy’s order did not specifically explicate a reasonable basis for the overpayment, such basis clearly appears in the record due to the rather unusual method of calculating claimant’s average weekly wage.
Claimant was the owner/operator of a tractor trailer which had been purchased pursuant to a retail installment contract and security agreement. At the time claimant sustained his injury on March 22, 1979, he had asserted up to the time of the hearing that his average weekly wage for the thirteen weeks preceding the injury was $792.83. Based upon this assertion the claimant was paid compensation benefits at the maximum compensation rate of $130 per week until May 4, 1983. At the hearing, the deputy determined that claimant’s average weekly wage was in fact $124.07, resulting in a corrected compensation rate of $74.44. This finding has not been appealed by the claimant. The average weekly wage in turn was calculated by determining claimant’s gross receipts, less deductions for thirteen weeks prior to the injury; to which sum was added an increase in equity in the tractor (payments toward the principal amount of a loan on the tractor/trailer), less expenses for the operation of the tractor for the thirteen weeks prior to the injury, upon which sum the average weekly wage was determined.
The e/c had no available means in its possession for calculating claimant’s average weekly wage without resort to claimant's records, which were not furnished to it until shortly before the hearing. Its difficulty in ascertaining claimant’s correct wages accordingly affords a reasonable basis for the deputy’s determination that the carrier should be permitted to reduce future payments to $37.22, or one-half the proper compensation rate until the past overpayments were recovered.
Affirmed.
JOANOS and NIMMONS, JJ., concur.