MILLS, Judge.
In this workers’ compensation appeal from an order finding Conshor liable for temporary total disability (TTD) and wage-loss benefits, we are presented with the question of whether there is competent substantial evidence to support the deputy commissioner’s finding that the disability sustained by the employee herein, Roberts, was the result of an accident that occurred while he was employed by Conshor. We find there is, and affirm.
On 9 June 1980, while working for Con-shor as a form carpenter, Roberts suffered an injury to his back. This occurred when the wind caught a cement column form he was setting and caused him to fall in a twisted position. He sought medical treatment the following day at the Naples Community Hospital where he was treated by Dr. Hussey, among others.
In November 1980, he was released to return to light duty work. Roberts testified he worked for various employers from November 1980 until August 1983, at which time he became employed with Johnson Seafood. Roberts also testified that during this period his back remained symptomatic and he continued to be treated by Dr. Hussey. In fact, on 30 March 1983 Roberts underwent a rhizotomy to relieve some of his discomfort. Following this, on 24 May 1983, Dr. Hussey sent a report to Conshor stating that Roberts had reached maximum medical improvement (MMI), with a residual 10% permanent impairment to the body as a whole. In this regard, the doctor stated Roberts should find a more sedentary type job, such as a security guard, where he would not be required to do any heavy lifting.
*623 On 11 September 1983, Roberts realized a second injury while employed with Johnson Seafood. Roberts stated he picked up a fifty pound box of crab bait, turned, took a step to stack it, slipped and fell. He again sought treatment from Dr. Hussey who placed him on TTD status until 5 January 1984, at which time the doctor opined the claimant had reached MMI from the second accident. Dr. Hus-sey stated Roberts suffered an additional 2% permanent impairment from the second fall. However, Roberts testified that after reaching MMI in January of 1984, his back felt the same as it did prior to the September 1983 accident.
Herein Conshor argues that the order under appeal is erroneous because Dr. Hus-sey found objective proof that Roberts’ second accident caused an increase in his impairment rating, and Roberts was more restricted in the type of work he could perform after the second accident, i.e., no lifting at all versus no heavy lifting. However, Conshor’s argument ignores the fact that the standard of appellate review is simply to determine whether there is competent substantial evidence legally sufficient to support the findings made by the deputy commissioner whose decision is under examination. Venable v. Grandeur Arabians, 464 So.2d 625 (Fla. 1st DCA 1985). If the deputy commissioner’s findings are supported by competent substantial evidence, it is irrelevant that competent substantial evidence could also support a contrary finding.
In the present case, the deputy commissioner’s determination that Roberts’ disability was caused by the first accident is supported by Roberts’ testimony that after returning to work in January of 1984, his back felt the same as it did prior to his second injury at Johnson Seafood. The order is also supported by the fact that Roberts remained symptomatic after his first injury, causing him to miss a great deal of time at the construction job held prior to his employment with Johnson Seafood. From 23 November 1982, Dr. Hus-sey treated the claimant eight times until he was released to light work on 24 May 1983. Even prior to the second accident, Dr. Hussey had admonished Roberts to avoid any heavy work, such as pushing a lawn mower, and heavy lifting.
The fact that Dr. Hussey found an increase in the degree of Roberts’ permanent impairment following the second accident is not determinative of this issue. Permanent impairment is just one element that goes into the computation of an employee’s disability. See, Lemus v. Industrial Site Services, 482 So.2d 472 (Fla. 1st DCA 1986).
The case of Williams Roofing, Inc. v. Moore, 447 So.2d 968 (Fla. 1st DCA 1984), supports an affirmance in the case at bar. In Moore, the claimant suffered successive industrial accidents. In the first one he badly burned his right hand and was left with a permanent impairment of 56% to the hand, and in the second accident he fractured his right thumb which caused an additional 16% impairment to the hand. On appeal, this court affirmed the finding that the claimant’s wage loss was due to the first accident, and not due to the second injury and the additional impairment it caused.
To conclude, we affirm the deputy commissioner’s finding that of the two accidents experienced by Roberts, the first was the competent producing cause of his com-pensable wage loss.
BOOTH, C.J., and WENTWORTH, J., concur.