WENTWORTH, Judge.
Appellant, the claimant, seeks review of a worker’s compensation order by which her claim for reimbursement of an overpayment credit taken by the employer/carrier was denied. We reverse, finding no “evidence that claimant voluntarily accepted continued payment of [fringe benefits] with full knowledge that such acceptance would reduce [her] otherwise available cash benefits”, Constanzer v. Sta Rite, 432 So.2d 775, 776 (Fla. 1st DCA 1983), and finding further that the deputy commissioner did not determine whether there was a reasonable basis for an overpayment based on an incorrect average weekly wage.
Appellant suffered a compensable injury August 25, 1984. Appellees, the employer/carrier, paid temporary total disability benefits based on an average weekly wage of $285 per week until October 13, 1985, when they received a wage statement showing appellant’s average weekly wage to be $268.50, including fringe benefits with a value of $27.69 per week. The employer/carrier determined that it had overpaid appellant because of the inclusion of fringe benefits in the calculation of the average weekly wage during the time the employer had continued to provide appellant with the benefits. The employer/carrier alleged a second overpayment of compensation based upon the incorrect average weekly wage of $285. The carrier suspended temporary total disability payments for eight weeks to recoup the $1,227.58 overpayment. Following the period of suspension, the employer/carrier resumed payment of temporary total and temporary partial disability benefits. Appellant filed a claim for continuation of temporary total disability benefits, attorney’s fees, costs, penalites and interest. The deputy commissioner found that the employer/carrier had acted reasonably in supsending disability benefits to recoup the overpayment based on the employer’s continuation of fringe benefits when the carrier was including them in the compensation payments. The deputy commissioner found that although the carrier had requested and received information about the fringe benefits, it did not have knowledge (and, so far as the order indicates, made no specific inquiry) as to employer’s continued provision of those benefits beyond the date of appellant’s accident. Based on these findings, the deputy commissioner denied the claim.
An overpayment of compensation is presumed a gratuity in the absence of a finding that a reasonable basis exists for the overpayment. Sosa v. Jernigan Trucking Co., 454 So.2d 65 (Fla. 1st DCA 1984). Belam Florida Corp. v. Dardy, 397 So.2d 756 (Fla. 1st DCA 1981). The deputy commissioner did not make a finding as to whether there was a reasonable basis for *1246 the overpayment based on the incorrect average weekly wage, and we are referred to no authority requiring such a conclusion on this record. As to the overpayment based on the inclusion of fringe benefits in the compensation payments at a time when the employer was providing those benefits, the deputy commissioner found there was a reasonable basis for the overpayment because the carrier did not have knowledge that the employer continued to provide the benefits after the accident. However, where there is “no evidence that claimant voluntarily accepted continued payment of [fringe benefits] with full knowledge that such acceptance would reduce [her] available cash benefits,” the employer/carrier may not take a credit for an overpayment. Constanzer, supra, at 776, and cases there collected. In this case, we find no evidence that appellant accepted the fringe benefits with such knowledge, or notice reasonably apprising her of a resulting pro rata waiver of the prescribed compensation payment.
Appellant contends also that the deputy commissioner erred in permitting the employer/carrier to recoup its overpayment in a lump sum by suspending her disability payments. Because we find the deputy commissioner erred in denying appellant’s claim for reimbursement, this issue is moot.
The order is reversed and the cause remanded with directions that the claim for reimbursement of overpayment credit be granted.
MILLS, J., concur.
BARFIELD, J., concurring with written opinion.