MINER, Judge.
This workers’ compensation appeal raises three issues: whether the deputy commissioner (dc) erred in 1) authorizing neck surgery for claimant, 2) awarding temporary partial disability (TPD) benefits for periods for which no benefit request forms had been submitted, and 3) refusing to allow the employer/carrier (e/c) to question the claimant regarding attendant care services provided to him. We affirm in part and reverse in part.
Claimant, a roofer, suffered a compensa-ble accident on June 4, 1984 when he fell off the roof of a mobile home. He underwent multiple surgeries on his feet and left wrist. Subsequent examination revealed a herniated disc in claimant’s neck. Dr. Ca-hill, a neurosurgeon who performed the examination, presented claimant with the options of surgery or a therapy and exercise regimen. Claimant opted for the latter program but worsening discomfort prompted him to agree to surgery.
Prior to surgery on claimant's neck, the e/c required a second opinion which was rendered by Dr. Rechtine who was of the view that surgery was not contraindicated. Surgery was scheduled but before it could be performed the e/c refused authorization for the operation and de-authorized Dr. Ca-hill. In lieu of surgery, the e/c offered treatment at a pain clinic which claimant refused.
On February 3, 1988, a hearing was held to resolve the authorization dispute. Additionally, claimant sought TTD benefits or reinstatement of temporary partial disability (TPD) benefits which the e/c stopped paying some eight months previously. In the same hearing, the e/c sought credit for overpayment to claimant’s wife for attendant care services.
On May 12, 1988, the dc issued his order 1) reauthorizing Dr. Cahill to perform the requested surgery, 2) granting TPD benefits from June 17, 1987 to February 3, 1988, and 3) finding insufficient evidence to support the e/c’s claimed credit for overpayment of attendant care benefits. From that order the e/c took the instant appeal.
With that portion of the dc’s order authorizing surgery to be performed by Dr. Cahill we find no fault and thus affirm. Suffice it to say that the record contains competent substantial evidence supporting this determination. While it could also be argued that competent substantial evidence in the record also supports the e/c’s position that an alternative to surgery, i.e. a pain clinic, was medically necessary, the proper standard of appellate review is to determine whether competent substantial evidence supports the dc’s findings. If so, it is irrelevant that there is also competent substantial evidence to support a contrary finding. Conshor, Inc. v. Roberts, 498 So. 2d 622, 623 (Fla. 1st DCA 1986).
With respect to the second issue on appeal, the record reflects that the claimant testified as to his attempts to find post injury employment. He stated that after the e/c terminated his TPD benefits in June of 1987 he sought other employment over the telephone. Thereafter, he began working with a rehabilitation counselor and in December secured part time employment as a telephone solicitor at $3.75 per hour. Because claimant had neglected to bring his earnings statement to the February 3 hearing, his attorney sought a stipulation that his temporary partial wage loss forms could be submitted at a later time to become part of the evidence in the case. The e/c interposed no objection and these wage loss request forms were received by the dc on May 18, 1988, six days after the dc entered the order from which this appeal is taken. (Emphasis supplied).
Citing Old Cove Condo v. Curry, 511 So.2d 666 (Fla. 1st DCA 1987), the e/c argued that since the filing of wage loss *669 forms is a prerequisite to entitlement to TPD benefits, the dc, through his order, approved the wage loss forms before they came into existence as evidence thereby denying e/c the right to examine claimant on the issue. They further assert that they only agreed to a post hearing submission of these forms and did not stipulate that the forms could be submitted after the entry of the dc’s order. Thus, they conclude that the dc’s award of TPD benefits for the period in question is without an evidentiary basis. Claimant maintains that the e/c has not been prejudiced by the late filing of the wage loss forms because they had ample opportunity at the hearing to question claimant on his job search.
We agree with the e/c that their stipulation cannot reasonably be construed to permit filing of the wage loss forms after the issuance of the dc’s order. Claimant’s argument that his job search was found sufficient by the dc under the circumstances fails to take into account that without the wage loss forms it is impossible to determine the amount of wage loss benefits that were due to claimant. A. C. Electric Co. v. Kwitchen, 525 So.2d 993, 994 (Fla. 1st DCA 1988); Old Cove Condo v. Curry, supra. Since the dc issued his order on May 12 and the benefit request forms were not received in his office until May 18, it seems to us that the propriety of the TPD award must be assessed as if no forms were filed. Thus, we hold that it was error for the dc to make a TPD award without wage loss request forms.
As to the last point on appeal, the record reveals that counsel for the e/c, during his cross examination of claimant, sought to inquire as to claimant’s marital status. When claimant’s counsel objected, the e/c’s attorney acknowledged that the line of questioning he wanted to pursue pertained to his defense of overpayment to plaintiff’s wife for attendant care. He conceded that these questions were beyond the scope of the direct examination and sought to call the claimant as an adverse party witness. During the discussion that ensued, e/c’s attorney explained that he wanted to question claimant: 1) to determine how much money was sent to claimant or his wife for attendant care, 2) to find out what claimant did with the money, and 3) to find out what services were performed by claimant’s wife that would constitute attendant care. The dc refused to hear such testimony, ascribing as his reasons that claimant’s benefits could not be reduced for overpayments made to his wife and that the e/c could not meet their burden of showing some reasonable basis for the overpayments since no e/c witnesses were present at the hearing. We find that neither of these reasons is valid.
E/C’s counsel represented to the dc that some of the checks in question were issued to the claimant and not to his wife. The claimant, of course, could have testified as to whether this was the case. Additionally, the dc was incorrect to the extent that he relied upon section 440.22, Florida Statutes (1987), for the proposition that e/c’s receiving credit for overpayment was tantamount to a prohibited levy, execution or attachment on the claimant’s benefits. Although an overpayment is presumed to be a gratuity, this presumption can be overcome by e/c’s showing that there was a reasonable basis for the overpayment. Sosa v. Jernigan Trucking Co., 454 So.2d 65 (Fla. 1st DCA 1984). Reasonable bases for overpayment have included clerical error, Marrero v. F.P.A. Corp., 511 So.2d 1008 (Fla. 1st DCA 1987), and incorrect calculation of average weekly wage due to claimant’s late filing of wage records, Sosa, supra. Moreover, overpayment in one class of benefits can be credited against a different class of benefits. Belam Florida Corp. v. Dardy, 397 So.2d 756 (Fla. 1st DCA 1981).
The dc’s second reason for refusing to hear the requested evidence fails to take into account that the e/c may have been able to establish their defense using only claimant as a witness. Claimant may have testified that no attendant care was needed or provided and that he used the funds intended for such care for some inappropriate purpose. Without speculating on what claimant might have testified to had the e/c been permitted to call him, we hold only *670 that it was error for the dc to deny the e/c a chance to present such proof.
In sum, we affirm that portion of the dc’s order authorizing surgery and reverse those portions awarding TPD benefits without receipt of benefit request forms and denying the e/c an opportunity to present proof of overpayment. As to the matters reversed, this cause is remanded for further proceedings consistent with this opinion.
BOOTH and JOANOS, JJ., concur.