545 So.2d 333 (1989)
Charles STRICKLAND, Appellant,
v.
NEIL'S PAINTING and Travelers Insurance Company, Appellees.
No. 87-1773.
District Court of Appeal of Florida, First District.
May 12, 1989.
Rehearing Denied July 5, 1989.
Lawrence J. Langer, West Palm Beach, for appellant.
Walter E. Beisler of Beisler and Beisler, West Palm Beach, for appellees.
*334 SHIVERS, Judge.
In this workers' compensation appeal we affirm the deputy commissioner's (DC's) refusal to award claimant a home hot tub. We reverse the DC's denial of reimbursement to claimant of an overpayment credit taken by the employer/carrier (E/C) and remand for entry of a reimbursement order; and we reverse the DC's average weekly wage (AWW) calculation and remand.
In United Sheet Metal v. Meyer, 520 So.2d 616 (Fla. 1st DCA 1988), this court affirmed the DC's award of reimbursement for costs of a home hot tub installed pursuant to a doctor's recommendation. The court pointed out that the E/C did not demonstrate the availability of adequate and more economical alternatives. The record in this case, however, contains much discussion on viable alternatives to home hot tub installation including a stipulation as to nearby hot tub facilities and medical testimony as to their sufficiency. Indeed claimant's treating physician testified that a nearby hot tub facility would be sufficient; and the parties stipulated that such a facility was in fact near to claimant's home. The DC did not err in refusing to award claimant a home hot tub.
On June 25, 1986 the E/C filed a compensation notice establishing the claimant's AWW at $441.20, providing him compensation at $294.15 per week. The employer later furnished the carrier a 13-week wage statement and on November 12, 1986, the E/C filed an amended compensation notice reducing claimant's AWW to $400.59 and compensation rate to $267.07. The latter notice indicated that the claimant had received overpayments totalling $487.44, and therefore $40 would be deducted from claimant's benefit check each week until the overpayment was recouped. The full amount was recouped by the E/C before the hearing. The DC did not require a reimbursement because he found that claimant's AWW was lower than what claimant actually received throughout the payment period up to the hearing. Because the DC's AWW calculation is lower than that of the E/C is not alone a sufficient basis for permitting the E/C to recover overpayments; the DC must find a reasonable basis for the overpayments or a reasonable basis must be evident from the record. Sosa v. Jernigan Trucking Co., 454 So.2d 65 (Fla. 1st DCA 1984).
Generally an overpayment in workers' compensation is presumed a gratuity unless a reasonable basis exists for such overpayment. Pardo v. Sun Supermarket, 510 So.2d 1244 (Fla. 1st DCA 1987). The E/C rely on Sosa for the proposition that a reasonable basis exists for overpayments when an E/C had difficulty determining a claimant's AWW, and the AWW used was found to be incorrect. In the instant case the E/C had difficulty determining the AWW but, unlike in Sosa, the employer here possessed claimant's wage records. The E/C cannot say that a reasonable basis exists for overpayments due to a lack of data upon which AWW calculations can be made. There is no indication in the record that the E/C's miscalculation was due to anyone's fault other than the E/C. They were in a position to determine whether their employment records were insufficient to meet the statutory 13 week period and make the proper inquiry as to claimant's previous employment or to calculate AWW on an alternative basis provided under the statute. We reverse the DC's denial of claimant's request for repayment of the $487.44 deducted by the E/C from claimant's benefit checks and remand for an order directing the E/C to tender that amount to claimant.
The DC calculated claimant's AWW to be $382.66 with a compensation rate of $258.11. The DC arrived at these figures by adding together claimant's actual earnings during the 13 weeks prior to the compensable accident and then dividing by 13. Not included in the DC's calculation are claimant's work and wages for another employer occurring the week before his employment period with Neil's Painting. Claimant's Schedule of Weekly Earnings and wage and hour records from Neil's taken together show that claimant began working sometime within his first pay week of March 13, 1986 to March 19, 1986. *335 However, claimant worked only two days his first pay period which makes it very unlikely that his first day was March 13th. Even if he had worked March 13th, claimant would have worked a Thursday and one other day between then and the following Wednesday. Under these circumstances we cannot say that the period used by the DC "immediately preceding the injury" satisfies the "consecutive period of 91 days" provision of section 440.14(1)(a), Fla. Stat. (1985).[1] However, the statute provides that in determining "substantially the whole of 13 weeks" it does not matter whether the period was "for the same or another employer." Id. The record shows that claimant worked four days for another employer in a pay period that had a two day overlap with claimant's first pay period with Neil's Painting. Had the DC included this prior employment period, the "consecutive period of 91 days" requirement of section 440.14(1)(a) would have been satisfied. We thus vacate the DC's AWW and compensation rate figures and remand for an order finding AWW at $396.23 with a compensation rate of $264.15 based on the combined periods claimant worked for Neil's Painting and the immediately prior employer.
AFFIRMED in part, REVERSED and REMANDED in part.
BOOTH and THOMPSON, JJ., concur.
NOTES
[1] If the injured employee has worked in the employment in which he was working at the time of the injury, whether for the same or another employer, during substantially the whole of 13 weeks immediately preceding the injury, his average weekly wage shall be one-thirteenth of the total amount of wages earned in such employment during the 13 weeks. As used in this paragraph, the term `substantially the whole of 13 weeks' shall be deemed to mean and refer to a constructive period of 13 weeks as a whole, which shall be defined as a consecutive period of 91 days... .