PER CURIAM.
The claimant appeals a workers’ compensation order which determined his average weekly wage (AWW) and temporary partial disability (TPD) compensation award, and gave the employer credit for alleged over-payments of temporary total disability (TTD) compensation. We affirm in part and reverse in part.
We affirm the judge’s finding that the claimant’s pre-accident work delivering newspapers was not “concurrent employment” within the meaning of the Workers’ Compensation Act, and was therefore not includable in the AWW. Section 440.-02(ll)(d)l, Florida Statutes (1988 Supp.), excludes independent contractors from the definition of “employee.” While wages from concurrent employment are generally included in a determination of AWW, earnings as an independent contractor are not includable in such a determination. Edwards v. Caulfield, 560 So.2d 364 (Fla. 1st DCA 1990); Sunshine Ace Hardware v. Gray, 541 So.2d 1236 (Fla. 1st DCA 1989).
We reverse the amount awarded for TPD benefits because the judge should not have considered claimant’s post-accident earnings delivering newspapers in determining his earning capacity. Those earnings were excluded from the determination of AWW and the uncontroverted evidence indicates that claimant’s participation in the newspaper route has not increased. Parrott v. City of Fort Lauderdale, 190 So.2d 326 (Fla.1966); Christian v. Carolina Freight Carrier Corporation, 571 So.2d 524 (Fla. 1st DCA 1990).
The judge excused the inadequate work search for the period for which TPD was awarded in this order, because the employer failed to provide adequate forms and instructions to the claimant. Excluding the post-accident earnings from delivering newspapers, the claimant’s earning ability for that period would therefore be zero.
We affirm the judge’s findings that the claimant sustained a compensable injury on August 3, 1989, and that the incident on October 13, 1989, aggravated the compen-sable injury. These findings are supported by competent, substantial evidence. However, we reverse the judge’s finding that the October 1989 incident was not a new accident. The TPD compensation should have been calculated based upon the AWW the claimant was earning at the time of the second accident, including fringe benefits. We note the record indicates that the claimant was receiving $46.05/week for state health insurance and $0.60/week for state life insurance.
To the extent that this issue is not mooted by our other rulings, we reverse the credit given the employer for “inadvertent overpayments” of TTD, since such overpayments are presumed a gratuity in the absence of a finding that there was a reasonable basis for the overpayment, Par-do v. Sun Supermarket, 510 So.2d 1244 (Fla. 1st DCA 1987). The employer has presented no evidence upon which the judge could have made a finding that there was a reasonable basis for the alleged overpayment based upon an incorrect calculation of AWW, Strickland v. Neil’s Painting, 545 So.2d 333 (Fla. 1st DCA 1989).
The finding regarding the exclusion of the concurrent employment from the calculation of AWW is AFFIRMED. The inclusion of post-accident earnings from that concurrent employment in calculating TPD compensation is REVERSED. The finding regarding the dates of accident is REVERSED. The figures for the adjusted AWW and for the TPD award are also REVERSED, as is the credit for the alleged overpayments of TTD. The case is REMANDED to the judge of compensation claims for reconsideration of her calculations in light of our holdings.
ZEHMER, BARFIELD and ALLEN, JJ., concur.