689 So.2d 332 (1997)
Rufus BROWN, Jr., Appellant,
v.
L.P. SANITATION and CNA Insurance Company, Appellees.
No. 96-1171.
District Court of Appeal of Florida, First District.
February 7, 1997.
Joseph D. Lee of Joseph D. Lee, P.A., West Palm Beach, for Appellant.
H. George Kagan and Elliot B. Kula of Miller, Kagan, Rodriguez & Silver, P.A., West Palm Beach, for Appellees.
BENTON, Judge.
Rufus Brown, Jr. contends that a final compensation order should be reversed to the extent it approves a temporary twenty percent reduction in his biweekly compensation payments. The order authorizes deductions for as long as necessary to recover overpayments Mr. Brown's former employer or its insurance carrier made after January 1, 1994. We affirm.
We adopt as our own the ruling the judge of compensation claims made on this point in the final compensation order:
17. As to the issue regarding section 440.15(13), Florida Statutes (Supp.1994), I find this section overrules the judicially created evidentiary presumption that an overpayment of compensation is presumed a gratuity unless a reasonable basis exists for the overpayment. Section 440.15(13) requires repayment of all indemnity benefits received by an employee, "to which [the employee] is not entitled...." This section provides:
(13) REPAYMENT.-If an employee has received a sum as an indemnity benefit under any classification or category of benefit under this chapter to which he is not entitled, the employee is liable to repay that sum to the employer or the carrier or to have that sum deducted *333 from future benefits, regardless of the classification of benefits, payable to the employee under this chapter; however, a partial payment of the total repayment may not exceed 20 percent of the amount of the biweekly payment.
It is uncontradicted the Employer/Carrier were entitled to take a social security offset from the Claimant's compensation benefits as early as September of 1992, when the Claimant began receiving social security benefits. It is also uncontradicted the Employer/Carrier are currently deducting an amount from Claimant's biweekly compensation benefits reflecting the overpayment of social security benefits between January of 1994 and August of 1994, only. They do not seek reimbursement for overpayment of benefits prior to January of 1994.
18. I find section 440.15(13), Florida Statutes (Supp.1994) is a procedural enactment because it affects a burden of proof or mode of procedure, and therefore is applicable to the Claimant's date of accident. This section allows the Employer/Carrier's deduction of 20% of the amount of his biweekly compensation payment.
(Brackets in original.) As the order recites, the fact of the overpayments is not in dispute and there is no question as to the amount.
At one time, the cases held that an unexplained overpayment of workers' compensation benefits should be presumed to have been an irrevocable gift to the employee who received the overpayment. Strickland v. Neil's Painting, 545 So.2d 333 (Fla. 1st DCA 1989); Pardo v. Sun Supermarket, 510 So.2d 1244 (Fla. 1st DCA 1987).
[A]ny overpayment of compensation is a gratuity in the absence of a finding that a reasonable basis exists for the overpayment. If the Deputy finds such a basis the presumption is dissipated and he may allow the overpayment to be applied as a credit against compensation ultimately found to be due even though the compensation may be of another class.
Belam Florida Corp. v. Dardy, 397 So.2d 756, 758 (Fla. 1st DCA 1981). Section 440.15(13), Florida Statutes (Supp.1994), which "dissipated" the gift presumption whenever "an employee has received ... an indemnity benefit," does not rule out proof that a payment was a gift rather than an indemnity benefit.
Abolition of this rebuttable presumption changed only the procedural means and methods of establishing entitlement to benefits or offsets which flow from substantive rights that have remained unchanged since the date of Mr. Brown's industrial accident. See Life Care Ctrs. of Am., Inc. v. Sawgrass Care Ctr., Inc., 683 So.2d 609 (Fla. 1st DCA 1996); Litvin v. St. Lucie County Sheriff's Dep't, 599 So.2d 1353, 1355 (Fla. 1st DCA 1992)("application of procedural amendments such as burden of proof enactments is not constrained by the date of accident or injury"), review denied, 613 So.2d 6 (Fla.1992), cert. denied, 508 U.S. 913, 113 S.Ct. 2350, 124 L.Ed.2d 258 (1993). Allowing recovery of overpayments occurring on or after January 1, 1994, does not give retroactive effect to section 440.15(13), Florida Statutes (Supp. 1994), in any event. The overpayments, not the industrial accident, gave rise to appellees' right to repayment.
Affirmed.
ERVIN and KAHN, JJ., concur.