752 So.2d 693 (2000)
HARDRIVES OF DELRAY, INC. and Feisco Claims, Appellants,
v.
Otha O'NEAL, Appellee.
No. 1D98-4366.
District Court of Appeal of Florida, First District.
February 16, 2000.
Rehearing Denied March 10, 2000.
H. George Kagan and Elliot B. Kula of Miller, Kagan, Rodriguez & Silver, P.A., West Palm Beach, for Appellants.
Richard A. Kupfer of Richard A. Kupfer, P.A., West Palm Beach; Jerry J. Goodmark of Goodmark, Goodmark & Goldstone, P.A., West Palm Beach, for Appellee.
WEBSTER, J.
In this workers' compensation case, the employer and carrier seek review of an order directing them to refund to the claimant all social security benefit offsets taken during a period of nearly four years, plus penalties and interest, because the employer and carrier calculated the offsets based on a monthly social security disability benefit of $1,343.10, instead of $1,119.20. The employer and carrier argue that they should be responsible to repay only the portion of the offsets that exceeded that which they were entitled to take, together with appropriate penalties and interest. We agree and, accordingly, reverse.
As the result of an innocent mistake based upon analysis of information received from the Social Security Administration, the employer and carrier computed the social security offset applicable to the claimant's permanent total disability benefits using a monthly social security *694 disability benefit of $1,343.10, rather than $1,119.20. Relying upon Thomas v. Sunland Training Center, 408 So.2d 685 (Fla. 1st DCA 1982), Colonel's Table v. Malena, 412 So.2d 64 (Fla. 1st DCA 1982), and Pan American Bank v. Glinski, 584 So.2d 52 (Fla. 1st DCA 1991), the judge of compensation claims held that the employer and carrier must repay the entire amount of all offsets taken, plus penalties and interest. We conclude that those cases are distinguishable and, therefore, inapplicable to the facts of this case. In all of those cases, we held merely that, when a social security offset has been challenged by a claimant, one may not be taken until and unless the employer and carrier prove that it is warranted. Here, in contrast, there has never been any claim that the employer and carrier are not entitled to an offset. The only dispute is with regard to the amount of that offset. The holding of the judge of compensation claims would result in a substantial windfall to the claimant. Such a result defies fairness, logic and common sense. We can find nothing in either chapter 440 or relevant case law to support such a draconian penalty for an innocent mistake. Accordingly, we reverse, and remand with directions that the judge of compensation claims enter an order directing the employer and carrier to repay only the portion of the offsets that exceeded the amount they were entitled to take, plus penalties and interest.
REVERSED and REMANDED, with directions.
KAHN and PADOVANO, JJ., CONCUR.