790 So.2d 1249 (2001)
Carol S. MONROE, Appellant,
v.
PUBLIX # 148 and ITT Hartford Ins. Co., Appellees.
No. 1D00-3372.
District Court of Appeal of Florida, First District.
August 10, 2001.
*1250 Alex Lancaster, Lancaster & Eure, P.A., Sarasota, for Appellant.
Randal C. Dunkle, Dunkle & Bunecky, P.A., Sarasota, for Appellees.
BENTON, J.
This case asks whenassuming a disabled employee has complied with a request to execute a Request for Social Security Disability Benefits Information (LES Form DWC-14) and has furnished the completed form to the (former) employer or its workers' compensation insurance carrier in timely fashion-the employer's right to offset social security disability benefits against compensation benefits arises.
Carol S. Monroe was injured on November 8, 1992, in the course and scope of her employment with Publix. Publix and its insurance carrier, ITT Hartford (ITT), never denied that the industrial accident arose out of her employment, accepted her as permanently, totally disabled as of December 7, 1995, and paid indemnity benefits accordingly.
When Ms. Monroe received appellees' request that she execute LES Form DWC-14, she promptly consulted her lawyer. The completed form was on its way back to Publix and ITT two or three days after Ms. Monroe received it. In short, she complied fully "with rules ... promulgated by the division prescribing the procedure and manner for requesting the [employee's] authorization [to release social security disability information] and for compliance by the employee." § 440.15(10)(c), Fla. Stat. (1997) ("The employee shall, upon demand by ... the employer, or the carrier, authorize the Social Security Administration to release disability information relating to her"). See Fla. Admin. Code R. 38F 3.021 (Additional Income Source Reports).
Publix and ITT forwarded the executed LES Form DWC-14 to the Social Security Administration and received information on April 9, 1998, about social security disability payments Ms. Monroe had received and was still receiving. Upon receipt of *1251 this information, as the judge of compensation claims found, Publix and ITT could have asserted a social security disability offset against workers' compensation indemnity benefits. See Colonel's Table v. Malena, 412 So.2d 64, 65 (Fla. 1st DCA 1982); Sherrod Dry Wall v. Reeves, 378 So.2d 301, 301 (Fla. 1st DCA 1979); Borden, Inc. v. Butler, 377 So.2d 795, 795 (Fla. 1st DCA 1979); Fla. Power & Light Co. v. Adkins, 377 So.2d 57, 57 (Fla. 1st DCA 1979).
For reasons that are not clear from the record, however, they waited until March 15, 1999, to file a notice of action/change asserting a social security disability offset. See generally Fla. Admin. Code R. 38F-3.0091 (Notice of Action/Change). Filing a notice of action/change and subtracting the offset from compensation payments suffices to perfect an employer's right to a social security disability offset. No order of a judge of compensation claims is required. See Dep't of Public Health v. Wilcox, 543 So.2d 1253, 1255-56 (Fla.1989); Colonel's Table, 412 So.2d at 65; Sherrod Dry Wall, 378 So.2d at 301; Borden, Inc., 377 So.2d at 795; Fla. Power & Light, 377 So.2d at 57.
The propriety of the offset on and after March 15, 1999, is not in question. Also on March 15, 1999, however, Publix and ITT claimed the right to recoup alleged overpayments under section 440.15(13), Florida Statutes (1997), which provides:
If an employee has received a sum as an indemnity benefit under any classification or category of benefit under this chapter to which she or he is not entitled, the employee is liable to repay that sum to the employer or the carrier or to have that sum deducted from future benefits, regardless of the classification of benefits, payable to the employee under this chapter; however, a partial payment of the total repayment may not exceed 20 percent of the amount of the biweekly payment.
(Emphasis supplied.) The judge of compensation claims concluded that Publix and ITT were entitled to offsets (and, as a corollary, that the claimant was not entitled to full indemnity benefits) beginning on April 9, 1998.
Under section 440.15(13), Florida Statutes (1997), we have allowed recovery of overpayments of indemnity benefits made after January 1, 1994, including overpayments attributable to concurrent social security disability benefits where "the fact of the overpayments is not in dispute and there is no question as to the amount." Brown v. L.P. Sanitation, 689 So.2d 332, 333 (Fla. 1st DCA 1997); see generally Hardrives of Delray, Inc. v. O'Neal, 752 So.2d 693, 694 (Fla. 1st DCA 2000) (noting that, while the amount was disputed, "there has never been any claim that the employer and carrier are not entitled to an offset"). Cf. Ramos v. Artco Store Fixtures, 763 So.2d 1211, 1211 (Fla. 1st DCA 2000).
In the present case, however, we are concerned with an antecedent question: When is an indemnity payment an overpayment on account of concurrent social security disability benefits? We need not (and do not) address this question in the hypothetical case not before us where an employee receiving compensation benefits fails or refuses to execute an LES Form DWC-14, thus impeding the employer's access to information necessary to ascertain entitlement to and the amount of an offset for social security disability benefits.[1] Nor does the present case raise any *1252 question involving offsets asserted or taken against an award of back compensation payments.[2]Cf. South Fla. Water Mgmt. Dist. v. Ciacci, 647 So.2d 203, 205 (Fla. 1st DCA 1994).
Cases decided before section 440.15(13), Florida Statutes (1997), took effect required the employer or its insurance carrier actually to assertmeaning in the ordinary case actually to takea social security disability offset in order to perfect the right to do so. See Dep't of Transp. v. Lindsey, 383 So.2d 956, 958 (Fla. 1st DCA 1980) (holding that "[s]ection 440.15(10)(c) does not authorize entry of an order for the recovery of `excess' compensation benefits paid during a period in which the employer or carrier should have reduced them, on account of contemporaneous Social Security payments, but did not"); Bakery Prods. v. Laria, 379 So.2d 1332, 1332 (Fla. 1st DCA 1980); Pensacola Buggy Works v. Jernigan, 377 So.2d 245, 245 (Fla. 1st DCA 1979) (holding that "the off-set could be taken starting ... the date the carrier first exercised its right to the offset," but not before then retroactively, citing Beulah Baptist Church v. Brantley, IRC Order 2-3907 (Sept. 11, 1979)).
This construction of Section 440.15(10), Florida Statutes (1997)a provision which has not changed substantively since its amendment in 1977, see Ch. 77-290, § 4, at 1288, Laws of Fla.is not incompatible with section 440.15(13)'s abolition of the presumption that excess indemnity payments are gratuities. See Brown, 689 So.2d at 333 ("At one time, the cases held that an unexplained overpayment of workers' compensation benefits should be presumed to have been an irrevocable gift to the employee who received the overpayment.") While section 440.15(13) has reversed the statutory presumption that an overpayment is a gratuity, it has not altered the mechanism specified in section 440.15(10) for perfecting entitlement to a social security disability offset.
The cases construing section 440.15(10) to require taking the offset in order to perfect entitlement do not treat indemnity payments as gratuities. These cases rely on other rationales, "[c]onsidering the purpose of periodic compensation benefits and their substitution for wages payable as a contemporary livelihood." Lindsey, 383 So.2d at 958. We have adopted the view that, in the absence of "any reasonable explanation of the carrier's delay in exercising its right to the set-off .... [allowing retroactive application of the set-off] would work undue hardship on the needy claimants." Brantley, IRC Order 2-3907 at 7. We have also said: "Other aspects of the Chapter 440 compensation system depend *1253 on the initiative of the employer or carrier... without intervention of a judge of industrial claims and without the delay and expense inevitably attending litigation. We see no reason to depart from this statutory model in this case of employer neglect of its own interests...." Lindsey, 383 So.2d at 958-59.
Section 440.15(13) does not reject this judicial gloss on section 440.15(10). Thus definitively construed, section 440.15(10) requires the conclusion that a recipient of permanent total disability benefits is entitled to full benefits, the concurrent receipt of social security disability benefits notwithstanding, until the employer or carrier takes a social security disability offset, at least where the recipient has complied with a request to execute a Request for Social Security Disability Benefits Information (LES Form DWC-14) and furnished the completed form to the (former) employer or its workers' compensation insurance carrier in timely fashion.
Reversed and remanded.
ERVIN and WEBSTER, JJ., CONCUR.
NOTES
[1] Florida Administrative Code Rule 38F-3.021(1) provides:

Within 21 days after the employee receives a request from either the Division or the carrier for either LES Form DWC-14, Request for Social Security Disability Benefits Information, or LES Form DWC-30, Authorization Request for Unemployment Compensation Information, the employee shall complete the form and return it to the party requesting the information.
A claimant's noncompliance need not lead to litigation:
The employer or carrier is not required to make any payment of benefits for permanent total disability for any period during which the employee willfully fails or refuses to report upon request by the employer or carrier in the manner prescribed by such rules or if any employee who is receiving permanent total disability benefits refuses to apply for or cooperate with the employer or carrier in applying for social security benefits.
§ 440.15(1)(f)2.b., Fla. Stat. (1997).
[2] Also not at issue in the present case is any issue concerning offsets authorized or asserted under Escambia County Sheriff's Department v. Grice, 692 So.2d 896, 897-98 (Fla. 1997) or Barragan v. City of Miami, 545 So.2d 252, 255 (Fla.1989).