811 So.2d 733 (2002)
Willie UPSON, Appellant,
v.
ORANGE COUNTY SCHOOL BOARD and United Self Insured Services, Appellee.
No. 1D01-0566.
District Court of Appeal of Florida, First District.
February 26, 2002.
Rehearing Denied April 3, 2002.
*734 Bradley H. Hollingsworth and Thomas E. Mooney of Meyers, Mooney, Stanley, Hollingsworth & Colvin, Orlando, for Appellant.
Nancy A. Blastic, of Moore, Peterson & Zeitler, P.A., Orlando, for Appellee.
LEWIS, J.
Willie Upson ("Claimant") seeks review of the Judge of Compensation Claims' ("JCC") order which denied his request to disallow a 20% deduction in his permanent total disability benefits. The claimant also challenges the JCC's denial of his request for penalties, interest, costs and attorney's fees. We reverse and remand.
The claimant was injured on July 27, 1984, and February 4, 1987, while employed with the Orange County School Board. Orange County School Board and United Self Insured Services ("E/SA") accepted the claimant as permanently and totally disabled on March 16, 1993, and commenced paying permanent total disability ("PTD") benefits accordingly. The claimant was born on June 1, 1935, and turned 62 on June 1, 1997. The claimant received social security disability benefits until he became 62 years of age.
In January 1997, the E/SA sent the claimant a Request for Social Security Disability Benefit Information form to sign. The claimant signed the form and immediately returned it to the E/SA. However, the E/SA did not receive the requested information from the Social Security Administration until January 20, 1998. On February 24, 2000, the E/SA filed a Notice of Action indicating that it would begin "deducting 20% of each check to recoup overpayment in compensation benefits."
The claimant filed a petition for benefits claiming that the E/SA were improperly deducting 20 percent from each of his benefit checks. The claimant also sought penalties, interest, costs and attorney's fees. In its Notice of Denial, the E/SA contended that the overpayment was not a gratuity and that they are paying the claimant PTD benefits at the correct rate. The *735 JCC denied the claimant's claim for payment of PTD benefits without the deduction. The JCC relied on Brown v. L.P. Sanitation, 689 So.2d 332 (Fla. 1st DCA 1997), in stating that section 440.15(13), Florida Statutes (1994), allowed the E/SA to recoup the overpayment in benefits. The JCC also denied the claimant's request for penalties, interest, costs and attorney's fees.
Section 440.15(13), Florida Statutes, is a procedural enactment which is applicable to the claimant even though his date of accident predates the amendment. See Brown, 689 So.2d at 333. This section requires a claimant to repay all sums he has received as an indemnity benefit to which he is not entitled. Section 440.15(9)(a), Florida Statutes (1987), provides that the employer/carrier may reduce a claimant's compensation benefits when the claimant begins receiving social security disability benefits under 42 U.S.C. section 423. However, the E/SA cannot take any reduction in compensation benefits after the claimant reaches the age of 62 years. § 440.15(9)(a), Fla. Stat.; see also Barruzza v. Suddath Van Lines, Inc., 474 So.2d 861 (Fla. 1st DCA 1985). Furthermore, section 440.15(9)(c), Florida Statutes (1987), prohibits any reduction until the Social Security Administration verifies the amount of disability benefits the claimant receives. That is, the E/SA cannot take a prospective social security disability offset until they initiate the procedures for taking such an offset and receive the disability information from the Social Security Administration. See Dep't of Public Health v. Wilcox, 543 So.2d 1253, 1255 (Fla.1989).
This Court has held that a claimant is entitled to full benefits, notwithstanding also receiving social security disability benefits, until the employer/carrier takes a social security disability offset where the claimant has complied with the request for information. Monroe v. Publix, 790 So.2d 1249, 1253 (Fla. 1st DCA 2001). "[I]n the absence of `any reasonable explanation of the carrier's delay in exercising its right to the set-off ... [allowing retroactive application of the set-off] would work undue hardship on the needy claimants.'" Id. at 1252 (quoting Beulah Baptist Church v. Brantley, IRC Order 2-3907 (Sept. 11, 1979)). Here, the claimant did comply with the request to authorize release of his disability information from the Social Security Administration. Therefore, under section 440.15(9)(c), the claimant was entitled to his full benefits until the E/SA took an offset.
Furthermore, the E/SA neglected to request the disability information until 1997, almost four years after they accepted the claimant as PTD. This was also the year the claimant turned 62 years of age and no longer received social security disability benefits. The E/SA have not provided any explanation, reasonable or otherwise, for their delay in exercising their rights to an offset. Allowing the E/SA to deduct 20 percent from the claimant's compensation benefits now would not only cause a hardship on the claimant but also reward the E/SA for failing to preserve their own interests in a timely manner. Moreover, as the claimant has turned 62, section 440.15(9)(a), Florida Statutes, prohibits the E/SA from taking any offset from the claimant's compensation benefits. Accordingly, because the E/SA cannot take an offset, the claimant did not receive any indemnity benefit to which he was not entitled, and section 440.15(13) does not apply here.
In denying the claimant's request for disallowing the E/SA's 20% deduction in his PTD benefits, the JCC relied on Brown, 689 So.2d at 332. In Brown, the claimant appealed a compensation order which approved a 20 percent reduction in *736 the claimant's compensation payments. Id. The reduction was to recover overpayments the employer/carrier made after January 1, 1994. Id. The JCC had found that it was "uncontradicted that the Employer/Carrier were entitled to take a social security offset from the Claimant's compensation benefits as early as September of 1992, when the Claimant began receiving social security benefits." Id. at 333. Therefore, this Court allowed recovery of the overpayments because the fact of the overpayments was not in dispute and there was no question as to the amount. Id.
The JCC erred in relying on Brown. The facts of this case are distinguishable from Brown. In Brown, the Court held that the facts of the overpayments and the amount were not in dispute. Section 440.15(9)(a), Florida Statutes, which disallows any reduction in benefits once the claimant reaches age 62, was not an issue in Brown. Additionally, unlike here, the issue of whether the E/SA delayed exercising their rights to an offset was not present in Brown. In the present case, it is disputed whether the E/SA are entitled to an offset in any amount now that the claimant has reached age 62. Because the claimant has turned 62, section 440.15(9)(a), Florida Statutes, prohibits the E/SA from reducing the claimant's compensation benefits. Therefore, under the facts of this case, the E/SA is prohibited from taking a retroactive offset.
Furthermore, as the E/SA failed to act timely in taking the offset and did not provide any reasonable explanation for the delay and as the claimant has reached age 62, any past "overpayments" have not given the E/SA a right to repayment because the claimant was entitled to his full benefits until the E/SA took an offset. Accordingly, we reverse the JCC's order allowing the E/SA to recoup any overpayment in compensation benefits.
Because we reverse the JCC's denial of the claimant's claim for compensation benefits without deduction, we reverse the JCC's denial of the claimant's request for penalties, interest, costs and attorney's fees. We remand this case for further proceedings consistent with this opinion.
REVERSED and REMANDED for further proceedings.
BROWNING, J., concurs; PADOVANO, J., concurs in result.