HAWKES, C.J.
 

 The Claimant petitions for certiorari review of an order of the Judge of Compensation Claims (JCC) granting, in part, the Employer/Carrier’s (E/C) motion to compel production of certain financial documents. The parties do not contest that the compelled production of irrelevant financial documents is a departure from the essential requirements of law. Therefore, the question pending before us is the relevancy of the requested documents.
 

 Claimant makes two arguments concerning the JCC’s ordered production of the contested documents. The first is simply that the financial documents are not relevant to the issues pending before the JCC. The second is that the JCC can never order the production of financial documents without first holding a hearing and making specific findings of relevancy. Because we conclude the financial records at issue are irrelevant to the pending legal issues as a matter of law, we grant the petition. Accordingly, it is unnecessary to address the second argument as to whether a hearing must always be held prior to ordering the production of financial documents even when relevancy may be readily apparent.
 

 FACTS
 

 In August 2009, Claimant filed a petition for benefits (PFB) challenging the E/C’s
 
 *756
 
 attempt to recover overpaid benefits. On the pretrial stipulation, the E/C claimed it under-calculated a Social Security offset. Claimant responded that the offset should not be recalculated making various equitable arguments including; laches, estoppel, and detrimental reliance on the payments.
 

 Specifically responding to Claimant’s defenses (avoidances), the E/C filed a request for production of various financial documents, including accounts held jointly by Claimant and his wife. Claimant objected to the requests as either irrelevant or already provided. The E/C then moved to compel production of the documents, arguing Claimant’s financial circumstances were relevant to the case given Claimant’s purported avoidances especially by way of detrimental reliance. In response, Claimant argued the request invaded his privacy and necessitated an evidentiary hearing pursuant to this court’s holding in
 
 Spry v. Professional Employer Plans,
 
 985 So.2d 1187 (Fla. 1st DCA 2008) (holding JCC departed from essential requirements of law by requiring disclosure of financial documents without considering evidence regarding relevancy of information). Without an evidentiary hearing the JCC granted the E/C’s motion in part, ordering Claimant to produce documents on joint accounts held by him and his wife.
 

 ANALYSIS
 

 This court may grant a petition for certiorari when an interlocutory order departs from the essential requirements of law and causes irreparable harm which cannot be remedied on appeal from a final order.
 
 See Commonwealth Land Title Ins. Co. v. Higgins, 975
 
 So.2d 1169, 1176 (Fla. 1st DCA 2008). Certiorari jurisdiction does not arise unless the court first establishes irreparable harm.
 
 Id.
 
 The compulsion of private financial information — if irrelevant to the legal issues in dispute — is the kind of harm against which certiorari review guards.
 
 See Spry,
 
 985 So.2d at
 
 1188-89.
 
 Thus, our analysis hinges on whether Claimant’s private financial information is relevant to the E/C’s attempt to recoup perceived overpayments based on an allegedly miscalculated Social Security Disability offset.
 

 Workers’ compensation is purely a creature of statute.
 
 McDade v. Palm Beach County Sch. Dist.,
 
 898 So.2d 126, 127 (Fla. 1st DCA 2005). Under the Workers’ Compensation Law, the various rights to offsets and recoupment available to the parties have been established by the Legislature as statutory (legal) rights.
 
 See id.
 
 at 128. Further, this court has consistently interpreted a carrier’s right to assert a Social Security Disability offset, and the additional right to recoup any overpayments of compensation made, as issues of law to be decided on statutory and legal grounds.
 
 See, e.g., Monroe v. Publix # 148,
 
 790 So.2d 1249, 1252 (Fla. 1st DCA 2001) (harmonizing carrier’s statutory right to recoupment of overpayment with legal prohibition against carrier’s im plementation of retroactive social security disability offset as matter of law, using legal standards). Because issues relating to an employee’s entitlement to benefits and a carrier’s right to various offsets are founded on statutory and legal bases, there is no occasion (or allowance) for this court to graft onto an otherwise coherent statutory scheme, general equitable principles so as to permit non-legal (equitable) permutations of such rights. Equity will not act when there is a remedy at law.
 
 See generally Wildwood Crate & Ice Co. v. Citizens Bank of Inverness,
 
 98 Fla. 186, 123 So. 699, 701 (1929);
 
 cf. Rosenthal, Levy & Simon, P.A. v. Scott,
 
 17 So.3d 872, 875 (Fla. 1st DCA 2009) (conditioning allowance for quantum meruit attorney fee on statute’s failure to provide remedy for
 
 *757
 
 discharged attorney’s right to recover payment for services provided under prematurely terminated contingency fee contract) (citations omitted);
 
 Zaldivar v. Okeelanta Corp.,
 
 877 So.2d 927 (Fla. 1st DCA 2004) (explaining equitable defense of laches applies to attorney’s fee lien because neither statute nor rule provide carrier remedy for untimely filing of such lien).
 

 Moreover, under the statutory scheme constructed by the Legislature, where a carrier establishes the existence of an overpayment of benefits to which the employee is not entitled (a factual issue not yet resolved in this case) and seeks to recoup same, there is a legal remedy for the individual who has relied on the receipt of such benefits — the statute allows the employee to have the overpayments deducted from bi-weekly installments of future benefits, in an amount not to exceed 20% of the bi-weekly benefits.
 
 See
 
 § 440.15(12), Fla. Stat. (2008).
 

 In essence, the statute transforms any overpayment of indemnity benefits into an interest-free loan, to be repaid on terms prescribed by the Legislature. The statute does not, however, contain an allowance for the avoidance of the rights and obligations of the parties by a showing of estoppel, reliance, or laches.
 
 Cf.
 
 § 440.19(4), Fla. Stat. (2008) (statutory provision allowing employee to avoid statute of limitations defense where estoppel is proven). Thus, the presence or absence of the equitable considerations alleged by Claimant will have no effect on the parties’ substantive legal rights. Accordingly, because Claimant’s private financial records will have no impact on the carrier’s rights, if any, to recalculate the Social Security Disability offset and/or recoup benefits, his financial records are not relevant to the underlying action.
 

 Consequently, we GRANT the petition and QUASH the order granting the E/C’s motion to compel.
 

 WETHERELL and ROWE, JJ., concur.