PER CURIAM.
 

 We vacate in part the order on appeal, by striking the following language from the decretal portion: “Interest will accrue on any unpaid sum at the rate allowed by statute. For all of which let execution issue.”
 
 See Jackson v. Computer Science Raytheon,
 
 36 So.3d 754, 757 (Fla. 1st DCA 2010) (noting that section 440.15(12), Florida Statutes (relating to employee’s repayment of indemnity benefits), does not impose interest on unpaid principle);
 
 see also
 
 § 440.25(4)(e), Florida Statutes (2008)(lim-iting JCC’s authority to entry of “compensation order” — rather than judgment, as defined by section 55.01(1), Florida Statutes (2008)). Because we find no merit in Claimant’s arguments for reversal of the remainder of the order, we AFFIRM the order as modified.
 
 See Lawrence v. Aquarius Sales & Serv., Inc.,
 
 30 So.3d 690 (Fla. 1st DCA 2010) (modifying order by striking JCC’s findings on issue not pled below, and affirming as modified);
 
 Orkin Pest Control (Rollins, Inc.) v. Dykes,
 
 464 So.2d 1299, 1300 (Fla. 1st DCA 1985) (modifying and affirming order of deputy commissioner where commissioner granted remedy to parties not “actually before” him).
 

 WOLF, KAHN, and WEBSTER, JJ., concur.