PER CURIAM.
 

 Petitioner, the former husband, seeks certiorari review of a final judgment of indirect civil contempt. He argues that the trial court departed from the essential requirements of the law in (1) finding him in willful violation of prior court orders for sending a letter to his child’s teacher with a note for the child and sending emails to the child’s school; (2) modifying the 2009 injunction; (3) failing to grant him sufficient time to present his defense on the child support issue; and (4) finding him in willful violation of his child support obligation. Because the trial court withheld
 
 *191
 
 imposing sanctions for the violations pertaining to Petitioner’s contact with the child’s school pending any future violations of the court’s orders, Petitioner has not established irreparable injury with respect to his first argument.
 
 See Holden Cove, Inc. v. 4 Mac Holdings, Inc.,
 
 948 So.2d 1041, 1042 (Fla. 5th DCA 2007) (rejecting an irreparable harm argument as being premature and speculative). Petitioner has also failed to show any irreparable injury with respect to his second argument given that the trial court merely clarified what conduct would be considered contemptuous in the future. We, therefore, dismiss the certiorari petition as to these allegations for lack of jurisdiction.
 
 See Jackson v. Computer Sci. Raytheon,
 
 36 So.3d 754, 756 (Fla. 1st DCA 2010) (“Certiorari jurisdiction does not arise unless the court first establishes irreparable harm.”). As to Petitioner’s third and fourth arguments concerning his child support obligation, we deny those portions of the petition on the merits.
 

 DISMISSED in part and DENIED in part on. the merits.
 

 DAVIS, CLARK, and ROWE, JJ., concur.